## Philadelphia to use *v.* McLinden, Appellant.

*Bonds—Municipal bonds—Laborers—Alien laborers—Notice to surety—Principal and surety.*

In an action on a bond of a municipal contractor by the city of Philadelphia to the use of persons employed on the work by the contractor, the surety on the bond cannot defend on the grounds (1) that the use plaintiffs, being day laborers, are not entitled to the protection of the bond ; (2) that the surety was released because of the payment to the contractor by the city after notice ; (3) that the laborers were aliens employed by the contractor in violation of the Act of Assembly of June 25, 1895, P. L. 269, and of the ordinance of December 16, 1896, and the terms of the contract.

Argued Jan. 7, 1903. Appeal, No. 56, Jan. T., 1902, by defendants, from order of C. P. No. 5, Phila. Co., June T., 1901, No. 2938, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Philadelphia to use of Joseph McFarland, Assignee of Jerry Lanno, Joseph Angelona et al. v. James McLinden and the Union Surety & Guaranty Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit on a municipal bond.

The Union Surety Company filed an affidavit of defense which was in part as follows:

Deponent is advised, so believes and here avers, that neither the plaintiff, the use plaintiff, Joseph McFarland, nor any of the assignors of the said Joseph McFarland, furnished any labor and material in furtherance of the contract mentioned in plaintiff's statement and contracted with said McLinden as contemplated by the said ordinance of councils and the bond in suit, but that, on the contrary, the said assignors of the said McFarland, the use plaintiff, were nothing more or less than general laborers and employees of the said McLinden, and were not contractors with him for the work and labor mentioned in the statement, and that the bond in suit was not intended to and does not cover the various claims or any of them for which suit is brought.

Depondent is advised, so believes and here avers, that the persons contemplated by the said ordinance and the bond in suit, are citizens of the United States, and that by the Act of Assembly of June 25, 1895, P. L. 269, none but such citizens were entitled to be employed as laborers, workmen, or contractors upon the work in question so as to be protected by the said bond.

Deponent is informed, so believes and here avers, that neither the plaintiff nor the use plaintiffs is or are entitled to recover in the action brought without averring in the statement of claim that the laws of Pennsylvania and the ordinances of councils were complied with, and that the labor for which suit is brought was contracted for with citizens of the United States. The statement does not set forth these facts.

Deponent is informed, so believes and here avers, that none

of the parties mentioned in the said statement as performing the labor sued for was such a citizen as required by the said act of assembly.

Deponent further avers that the said defendant and surety, the Union Surety & Guaranty Company, upon receipt of notice of the claims in suit, called upon and demanded of the plaintiff that the money it then had on hand and which was due the said McLinden, be applied to the payment of said claims or should be paid to the said surety company that the same might be so applied if required by law; and that the plaintiff declined said request and paid said money to said McLinden, although it had on hand sufficient to pay said claims in suit.

In a supplementary affidavit of defense the Union Surety & Guaranty Company averred:

Deponent is informed, and so believes, that the use plaintiffs named in the plaintiff's statement of his cause of action were general employees and laborers employed by said James McLinden, and your deponent is informed, so believes and here avers, that none of the said parties mentioned in said statement as performing the labor sued for was a citizen of the United States, as required by the ordinance of councils as of December 16, 1896, a copy of which is hereto attached and made part of this affidavit.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Alex. Simpson, Jr.*, with him *David J. Myers, Jr.*, for appellants.—Day laborers employed by a city contractor are not entitled to sue on a bond given by him to the city under the ordinance of March 30, 1896: Phila. v. Stewart, 195 Pa. 309; Phila. v. Stewart, 201 Pa. 526; Norristown v. Norristown Pass. Ry. Co., 148 Pa. 87; Jobsen v. Boden, 8 Pa. 463; Guthrie v. Horner, 12 Pa. 236; Harlan v. Rand, 27 Pa. 511; Titusville Iron Works v. Keystone Oil Co., 122 Pa. 627; Continental Nat. Bank v. Draper, 89 Pa. 446; Pardee's App., 100 Pa. 408.

If the balance of the contract price on hand exceeds the amount of the claims due by the city contractor, the surety can

on this special bond protect himself by notice to the city not to pay that balance to the contractor until the latter pays the claims: Com. v. Vanderslice, 8 S. & R. 452; Everly v. Rice, 20 Pa. 297; Commercial Nat. Bank. v. Henninger, 105 Pa. 496; Phila. v. Stewart, 195 Pa. 309; Phila. v. Stewart, 201 Pa. 526; Lesley v. Kite, 192 Pa. 268.

Alien laborers cannot recover on such a bond when their employment was in direct violation of the Act of June 25, 1895, P. L. 269, of the ordinance of December 16, 1896, page 263, and of the language of the contract itself: Thorne v. Travellers Ins. Co., 80 Pa. 15; Lasher v. Stimson, 145 Pa. 30; Johnson v. Hulings, 103 Pa. 498; Miller v. Ammon, 145 U. S. 421 (12 Sup. Ct. Repr. 884); People v. Nelson, 133 Ill. 565 (27 N. E. Repr. 217).

*Eugene Raymond*, for appellees.

OPINION BY MR. JUSTICE FELL, March 9, 1903:

This action is by the city of Philadelphia to the use of a number of persons who were employed as day laborers in grading streets. It is founded on two bonds (included in the same action by agreement of the parties), given to the city by the contractor and his surety to secure the prompt payment of all amounts due " for labor and materials furnished and supplied or performed in and about the work." The work was done in accordance with the contract, and the contractor was paid in full by the city. The surety notified the city, at a time when the amount due the contractor exceeded the amount of the claims for labor, not to pay the balance due him until he had paid the claimants. This notice was disregarded by the city. Three grounds of defense were presented by the affidavit filed by the surety: (1) that the use plaintiffs, being day laborers, were not entitled to the protection of the bond; (2) that the surety was released because of the payment to the contractor by the city after notice; (3) that the laborers were aliens employed by the contractor in violation of the Act of Assembly of June 25, 1895, P. L. 269, and of the ordinance of December 16, 1896, and of the terms of the contract.

The ordinance of March 30, 1896, provides that all persons entering into contracts with the city for the construction or repair of public works shall give, in addition to the usual bond

for the faithful performance of the work, another bond with the condition that they shall pay all persons supplying them with labor or materials; and it authorizes such persons to bring suit in the name of the city for their benefit against a defaulting contractor and his surety. The power of the city to exact the additional bond was upheld in Philadelphia v. Stewart, 195 Pa. 309, in which it was decided that the condition was not ultra vires and contrary to public policy, as it was the right of the city to protect itself against the risk of defective materials and workmanship in the construction of its public works, against which there is no right of lien, by exacting assurance from the contractor that he will pay the debts which he incurs. It is now argued in support of the defendant's first contention that as the purpose of the ordinance and bond is to give to those supplying materials and labor the same protection they would have if the supply had been to a private party, that the construction which precludes a mechanic or laborer from maintaining a mechanic's lien should be adopted, and that it should be held that one who performs labor is not within the intent of the ordinance or of the bond given to carry out its provisions. This contention cannot be sustained. The municipal policy was to protect the city by securing the claims of those who furnished materials or labor, and the language of the bond, to pay those who performed labor, is too clear to admit of doubt.

The notice not to pay the contractor would have exonerated the surety if the payment was one which the city ought to have withheld, but it was not. The city was under no obligation to pay the claimants, nor to see that they were paid. They had no claim upon the fund in its possession which could be enforced, and the city could not retain the money in order that the creditors of the contractor or his surety could reach it by any process: Lesley v. Kite, 192 Pa. 268. The city had no direct financial interest in the bond, for, although it was a nominal plaintiff, it was merely a trustee for those who might become beneficially interested: Philadelphia v. Stewart, 201 Pa. 526. It is equally clear that the surety cannot set up the violation of the law and of the contract forbidding the employment of alien labor by its principal as a defense in an action on the bond.

The judgment is affirmed.