# Bowditch *v.* Gourley, Appellant.

*Municipalities—Municipal contracts—Bond of contractors.*

A bond given by a contractor under the Philadelphia ordinance of March 30, 1896, conditioned to pay "any and all persons, any and all sums of money which may be due for labor and materials furnished and supplied or performed in and about the said work," embraces in the class of persons entitled to sue thereon a materialman who furnishes material to a sub-contractor. In such a case a surety cannot be relieved from liability because the condition of the bond is more comprehensive than is required by the ordinance.

Argued Oct. 19, 1903.   Appeal, No. 148, Oct. T., 1902, by defendant, from order of C. P. No. 1, Phila. Co., Sept. T., 1901, No. 4170, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Philadelphia to use of Walter Bowditch v. Samuel Gourley and Samuel Gourley, Jr. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was the order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Robert Von Moschzisker*, with him *John C. Sheahan*, for appellant.—The ordinance of councils, "for the protection of subcontractors," etc., does not embrace in the class of persons entitled to sue on the obligation provided to be given by the main contractor a materialman who furnishes material to a subcontractor; Philadelphia v. Stewart, 195 Pa. 309; Phila. to use v. McLinden, 205 Pa. 172; United States to use v. American Surety Co., 21 Pa. Superior Ct. 153.

The bond given by virtue of the ordinance in this case does not cover and protect any greater class of persons than the ordinance itself: Bennehan v. Webb, 6 Iredell's Law Rep. 57; Butler v. Wigge, 1 Saunders, 65; Chicago R. R. Co. v. Aurora, 99 Ill. 205.

*Samuel Goodman, Jr.*, with him *Morgan & Lewis*, for appellees.—The claim of appellee is clearly embraced in the condition of the bond given by the appellant, and upon which this suit is founded. Even if the language of the condition is broader than the terms of the ordinance, the obligation was voluntarily given, and the obligor is liable thereon to the full extent of the condition: Slutter v. Kirkendall, 100 Pa. 307; Clement v. Courtright, 9 Pa. Superior Ct. 45; Com. v. Clipsham, 16 Pa. Superior Ct. 50; U. S. v. Hodson, 77 U. S. 395; Clark v. Morss, 142 Pa. 311; County of Sullivan v. Middendorf, 7 Pa. Superior Ct. 71.

OPINION BY ORLADY, J., March 14, 1904:

The plaintiff furnished materials to a subcontractor who was employed by Samuel Gourley, Jr., in certain work for which the latter had a contract with the city of Philadelphia. The defense was that the subcontractor had been paid in full before Gourley had notice of the plaintiff's claim, and also that the

plaintiff was not within the class intended to be benefited by the ordinance of the city which required that contractors should give bonds before commencing the work, etc.   The court below entered judgment in favor of the plaintiff for want of a sufficient affidavit of defense.   The validity of the ordinance under which the bond in suit was given has been established in Philadelphia v. Stewart, 195 Pa. 309,  Philadelphia v. Stewart, 198 Pa. 422, and in Philadelphia v. McLinden, 205 Pa. 172. Its purpose is best shown by Mr. Justice MITCHELL in Philadelphia v. Stewart, 195 Pa. 309, viz :  " It is the right as well as the interest of the city to secure good work upon its contracts for public improvements, and there is no better policy toward that end than to satisfy honest and competent workmen that they can rely upon being paid.  There being no right of mechanic's lien against public works, the work and material men are to that extent in the contractor's power as to pay, and that has a natural tendency to produce skimped work and inferior materials by the class of men willing to run that risk.  Against this risk the city is entitled to protect itself by exacting assurances from the contractor that he will pay his honest debts incurred in doing the city's work."

The condition of the bond in suit is as follows, viz : " That if the above bounden Samuel Gourley, Jr., shall and will promptly pay or cause to be paid to any and all persons, any and all sum or sums of money which may be due for labor and materials furnished and supplied or performed in and about the said work, and shall and will comply with all the provisions of the ordinance of the select and common councils of the city of Philadelphia entitled,  ' An ordinance for the protection of subcontractors as well as for person furnishing materials and labor for the construction of buildings for the city of Philadelphia and for any other city work,' approved the thirtieth day of March, A. D. 1896, then this obligation to be null and void; otherwise to be and remain in full force and virtue."

The ordinance is framed in clear and intelligible language and in direct terms it requires that any person entering into a contract for the doing of the city's work shall execute a penal bond . . . . with sureties . . . . with the obligation that the contractor shall and will promptly make payment to all persons

. . . . whether he is a subcontractor or otherwise in the prosecution of the work. To interpret this ordinance it is not necessary that any word should be added, nor that any one used should be treated as surplusage. A contractor after having his bond approved cannot relieve his sureties from liability by permitting his subcontractor to deal with the work independent of his supervision. The liability is his to pay all persons supplying him or them with labor and materials whether as a subcontractor or otherwise, and on his default this liability succeeds to the sureties. To sanction any other construction would be destructive of the very purpose of the ordinance by taking from the honest laborer or material man the particular security which the city councils had provided for his protection. Nor can the surety be relieved from liability because the condition of the bond is more comprehensive than is required by the ordinance. It was given voluntarily for a lawful purpose and may be enforced according to its terms, even though it in form exceeds the requirements of the ordinance. See Commonwealth v. Clipsam, 16 Pa. Superior Ct. 50, and cases therein cited ; Commonwealth v. McLinden, 205 Pa. 172.

The judgment is affirmed.