# City of Philadelphia v. Wiggins, Appellant.

*Municipal law — Ordinances — Municipal Contracts—Bond—Penal bond—Material men—Subcontractors—Contracts.*

A bond incorporating the provisions of a city ordinance under which it was given, which ordinance provides that any person or persons engaging in city contracts shall be required to execute a penal bond upon condition that such contractor or contractors "shall and will make payment to all persons supplying him or them with labor and materials, whether as a subcontractor or otherwise, in the prosecution of the work

provided for in the contract," is available for the protection of a material man furnishing materials used in the work to a subcontractor.

Argued Jan. 7, 1910. Appeal, No. 322, Jan. T., 1909, by defendants, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1908, No. 2,610, on judgment for plaintiffs in case of City of Philadelphia, to the use of William Kelley, John M. Ridings, William J. Barr and James W. Barr, trading as North Philadelphia Brick Works, v. John R. Wiggins, Willard H. Walls and Francis K. Worley, trading as John R. Wiggins & Company, and Fidelity & Deposit Company of Maryland. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on penal bond. Before WILLSON, P. J.
The facts appear in the opinion of the Supreme Court.

*Errors assigned* were in making absolute rule for judgment for want of sufficient affidavit of defense and entering judgment for plaintiffs.

*Chester N. Farr, Jr.,* with him *William A. Glasgow, Jr.,* and *Tustin & Wesley,* for appellants.

*Thomas F. Gain,* for appellees.—The question whether the bond should be construed to include persons furnishing material for the work at the order of a subcontractor, it is submitted, is answered in the affirmative by the decisions in Bowditch v. Gourley, 24 Pa. Superior Ct. 342, and Phila. to use v. Nichols Co., 214 Pa. 265.

OPINION BY MR. JUSTICE STEWART, March 7, 1910:

The bond sued on was given pursuant to the requirements of a city ordinance to which special reference is made in the bond. The ordinance provides that any person or persons entering into a contract with the city for the erection or construction of any public buildings, or for the prosecution or completion of any public work, shall be required to execute a penal bond with surety upon the condition that such con-

tractor or contractors "shall and will make payment to all persons supplying him or them with labor and materials, whether as a subcontractor or otherwise, in the prosecution of the work provided for in the contract." John R. Wiggins & Company contracted to build a conduit for the city of Philadelphia. Thomas Connor contracted with John R. Wiggins & Company, the principal contractor, to do what brick work was required in connection therewith, and to furnish the necessary material. The affidavit of defense sets up this subcontract with Connor, and avers that the brick furnished by plaintiffs were supplied to Connor, who alone contracted for them. Because they were not supplied by the use plaintiff to the principal contractor, it is asserted as a legal conclusion that the claim is not within the protection of the bond. Judgment was given for want of a sufficient affidavit of defense. The bond, it will be observed, follows the language of the ordinance; the condition being that the contractor shall pay all sums due "for supplying him with labor and materials, whether as to subcontractor or otherwise in the prosecution of the work." In Bowditch v. Gourley, 24 Pa. Superior Ct. 342, a material man who furnished supplies to a subcontractor was allowed to recover on the bond filed. It is sought to distinguish that case from this, by the fact that there the bond was conditioned on the contractor "paying for labor and materials furnished and supplied or performed in or about the said work;" while here the condition expressed is, that he pay all sums due "for supplying him (the contractor) with labor and materials;" the argument being, that the liability in the one case, because of the general words employed in the condition, is much wider than in the other. But the adjudication there was not rested on such fact. Recovery was allowed not on the ground that the condition of the bond sued on embraced more than the requirements of the ordinance and persons supplying a subcontractor were within the more extended scope of the bond. The court narrowed the condition as expressed in the bond so that it was allowed to include nothing that was not contemplated by the ordinance; and so construed, it was held that material men supplying a subcontractor in the prosecution of

the work were within its protection. The opinion filed in the case leaves us in no doubt as to what was there decided. "To interpret this ordinance," says the learned judge, "it is not necessary that any word should be added, nor that any one used should be treated as surplusage. A contractor after having his bond approved cannot relieve his surety from liability by permitting his subcontractor to deal with the work independent of his superior. The liability is his to pay all persons supplying him or them with labor and materials, whether as a subcontractor or otherwise, and on his default this liability succeeds to the surety." It was this construction of the ordinance that met with the unqualified approval of this court in Philadelphia v. H. C. Nichols Company, 214 Pa. 265, where this language is used: "The exact question here raised as to the construction of the ordinance was decided in Bowditch v. Gourley, 24 Pa. Superior Ct. 342, and we concur in the conclusion announced by that court that 'to sanction any other construction would be destructive of the very purpose of the ordinance by taking from the honest labor or material man the particular security which the city councils had provided for his protection.'" If this is the proper interpretation of the ordinance—and we have clearly adjudged it so to be in the case just cited—it follows that the bond in this case is to receive like construction, since it follows the exact language of the ordinance. The question is no longer an open one. The authorities cited are conclusive, and the judgment is affirmed.