GARRETT S. JONES and THE RAHWAY NATIONAL BANK, a corporation of the United States of America, for the use of the said THE RAHWAY NATIONAL BANK, *vs.* FRANCIS N. BUCK.

1.   COVENANTS—"CONTRACT INTER PARTES"—SIGNATURES.

The fact that a covenant is signed by but one party does not render it a deed poll, or give a legal interest to all contemplated by its terms, if the instrument is *inter partes;* a "contract *inter partes*" not meaning a contract restricted to the parties signatory thereto, but one that relates to the parties between whom the promises are made.

2. COVENANTS—PARTIES—LEGAL INTEREST—RIGHT TO SUE.

In a sealed instrument, the parties named as such in the premises are the only parties having a suable interest, no matter for whose benefit the deed is made, unless other parties are expressly given that right in the remainder of the deed, but such right cannot be implied.

3. GUARANTY—COVENANTS INTER PARTES—RIGHT TO SUE.

An instrument under seal: "Whereas, the said B. has negotiated a loan through the said J. from the R. Bank: * * * Now, therefore, B. does agree to guarantee the payment of said loan and to indemnify J. and the R. Bank"—is an agreement *inter partes* between B. and J., and the bank is not a party with a legal or suable interest, because not mentioned in the premises as a party, and because not being expressly given a suable interest in the body of the instrument.

(*March* 12, 1914.)

PENNEWILL, C. J., and WOOLLEY, J., sitting.

*Saulsbury* and *Morris* and *James I. Boyce* for plaintiffs.

*Ward*, *Gray* and *Neary* for defendant.

Superior Court, New Castle County, March Term, 1914.

ACTION OF COVENANT (No. 104, November Term, 1913) by Garrett S. Jones and the Rahway National Bank, for the use of the bank, against Francis N. Buck. On special demurrer to declaration. Sustained.

The case is stated in the opinion.

WOOLLEY, J., delivering the opinion of the court:

This is an action of covenant instituted jointly by the plaintiffs against the defendant upon an instrument of writing signed and sealed by the defendant alone. The averments of the declaration, excepting the allegation of breaches, embrace and are restricted to the undertakings of the defendant as made in the writing sued upon, which is in the following language:

"Memorandum of agreement made this twenty-fourth day of April, 1908, by and between Francis N. Buck, of Wilmington, Delaware, party of the first part, and Garrett S. Jones, of New Brunswick, New Jersey, party of the second part, witnesseth that:

"Whereas, the said Francis N. Buck has negotiated a loan of nine thousand dollars ($9,000) through the said Garrett S. Jones, from the Rahway National Bank, for which thirty-seven

thousand (37,000) shares of the capital stock of the Old Mexico Mining Company is pledged as security, * * *

"Now, therefore, for and in consideration of the sum of one dollar good and lawful money of the United States, receipt whereof is hereby acknowledged, the said Francis N. Buck has stipulated and agreed and hereby does stipulate and agree to guarantee the payment of the said loan pursuant to the terms thereof, and to indemnify and save harmless the said Garrett S. Jones and the said the Rahway National Bank, of and from all and all manner of loss that he or said bank may sustain, by reason of said loan.

"In witness whereof, the said Francis N. Buck has signed this agreement and affixed his seal hereto.

"Francis N. Buck.   [Seal.]

"In presence of Francis H. Wilson."

To the declaration the defendant has demurred specially, and maintains that the instrument sued upon is an agreement *inter partes;* that the parties to the agreement are Francis N. Buck and Garrett S. Jones, who, and who alone, are described as such in the premises; that the covenant made by the former runs only to the latter, though made in part for the benefit of another; that an action at law upon a breach of the covenant may be maintained only by the one to whom it is made, and therefore for causes of demurrer, says:

(1)   That the said the Rahway National Bank cannot in law maintain a joint action with the said Garrett S. Jones, in covenant, for the supposed breaches of the said agreement.

(2)   That the said the Rahway National Bank may not in law bring or maintain any action in covenant for the supposed breaches of the said agreement.

The plaintiffs maintain that the instrument sued upon, being an agreement under seal, is a covenant, and being executed by the covenantor alone, wherein he engages to do a particular thing for two persons therein named, is not an agreement *inter partes*, but partakes rather of the nature of a deed poll, and therefore all the parties therein beneficially named, and for whose protection the engagement or covenant was made, may in law maintain an

action for breaches thereof, and may maintain such an action jointly.

There is no question that the instrument sued upon is a covenant, that is, a written agreement under seal, whereby the covenantor promised and engaged to indemnify and save harmless both the person and the corporation therein named from loss arising from the transaction therein described. There is, however, a question whether the promise or engagement of the covenantor was made to and with the person or the corporation named, or to and with both of them, and whether both the person and the corporation named in the agreement are parties to the agreement, and as such have a legal interest in the covenant and such a legal privity with the covenantor as to enable them, either severally or jointly, to maintain an action thereon for a breach thereof.

The general proposition of law that an action on a covenant will not lie in favor of a person not a party to it, although the covenant was made for his benefit (11 *Cyc.* 1057), is not questioned by the plaintiffs; nor do the plaintiffs dispute the early pronouncement of our own courts upon this subject (*Townsend v. Townsend*, 5 *Harr.* 127, 128), that "the right of action follows the interest, and the party who has a legal interest in a covenant must sue, though the beneficial interest is in another. * * * If a deed be *inter partes*, as between A. of the first part and B. of the second part, C., if not expressly named as a party, cannot sue thereon, though the contract purports to have been made for his sole advantage, and contain an express covenant *with him* to perform an act for his benefit." In fact it is admitted by the plaintiffs, that if the contract sued upon is a contract *inter partes*, that is, between the parties described as such, then the Rahway National Bank, not being a party, though beneficially contemplated by the covenant, cannot maintain this action for a breach thereof. The issue raised by the demurrer, therefore, may be determined by ascertaining whether the agreement is an agreement *inter partes*, or an agreement not *inter partes* but in the nature of a deed poll, where the obligation is reciprocal and where a stranger may sue if he shows a legal and not merely a beneficial interest. 1 *Chitty's Pl.*, 3, 4.

[1]   The first suggestion in support of the latter proposition is that, as the instrument is signed by but one of the parties, that is, by the covenantor alone, it is in the nature of a deed poll, whereby the undertakings of the covenantor, thus singly expressed, extend a legal interest in the covenant to all contemplated by its terms.

A contract *inter partes* does not mean a contract restricted to the parties signatory thereto, but is a contract that contemplates and relates to the parties between whom the promises and undertakings are made, and embraces those to whom as well as those by whom they are made. When a contract is signed by both parties to it, whether theretofore described as such or not, the inter-relation of the parties, of course, is obvious; but when the contract is signed by but one of them, it may be a contract none the less, and may disclose the existence and identity of the other party with all the certainty of a signature.

[2]   If such a disclosure of the parties is made by a description of them in the premises, the *inter partes* character of the contract is established by a rule of law which will be presently considered. If the premises do not disclose who are the parties, or if there are no premises to the contract, then the existence and identity of the legal parties may be sought and found elsewhere in the contract.

In the case of *How v. How*, 1 *N. H.* 49, the instrument sued upon was without premises descriptive of the parties, and was signed by the obligor alone, and began with the usual formula of a deed poll, namely, "Know all men," etc., "that I, Asa How," etc., "in consideration of two thousand dollars to me paid by Mark How," etc., "do give, grant," etc., "unto said Mark How, his heirs," etc., "a certain farm," etc.; "and I, the said Asa How, * * * do covenant with the said Mark How, his heirs," etc., "that I will" (among other things) pay the debts of the said Mark How, and render certain support to him and his wife Anna during his life, and thereafter to his wife Anna during her life, in consideration of a waiver by her of her dower.

After the death of Mark, Anna, his widow, brought an action on the deed for a breach of the covenant made therein for

her benefit. The court had no trouble in finding who were the parties to the agreement, though it was without premises and was signed by but one of them, nor was the court uncertain as to the want of a legal interest in the widow upon which to found the action. The court said: "The question to be determined in this case is, whether Anna How can maintain covenant in her own right on the deed which she produces in court? * * * The nature of the transaction is perfectly evident. Mark How, wishing to secure a maintenance for himself, his wife and infant son, had conveyed to Asa his farm; in consideration of the conveyance, Asa contracted with Mark to support him and his wife during Mark's life, and the infant until he should arrive at twenty-one years of age, pay Mark's debts then contracted, and the funeral expenses of him and his wife. But Anna How had not concurred in the conveyance of the farm. She still retained her right of dower. * * * Asa therefore contracted with Mark that if his wife should survive him, and should choose 'a living' in lieu of dower, he would maintain her. To secure the performance of this contract, Asa reconveys the land to Mark in mortgage. The whole transaction is most manifestly between Mark and Asa. Mark pays the consideration, the mortgage is given to him, the contract begins with the declaration that it is 'the true intent and meaning of the grantee,' Mark, etc. Anna How is evidently a total stranger to the whole contract, and when Asa engages to furnish her certain articles, the contract must be considered to be with Mark, who paid the consideration. No authority ancient or modern can be found, which will warrant any other construction. 10 *Johns.* [*N. Y.*] 47, *Gardner v. Gardner.* The covenant then being not with her, but with another for her use, it is clear the action cannot be supported, and the nonsuit must stand. 1 *Levintz*, 235, *Offly v. Ward.*"

The designation in the premises of a contract under seal, of certain of the covenantees therein mentioned and the description of them as parties to the contract, have a recognized legal force in determining in the first instance whether the contract is *inter partes*, and then in establishing the legal interest of the cove-

nantees there included and the want of legal interest of the covenantees excluded.

As a general proposition, no one can sue on a sealed instrument but a party to it, and the expressed intention of the instrument, with respect to the question of who shall be considered the parties to it, prevails over the implied intention springing from a covenant with a third person for his benefit. The inquiry is, as to the intention of the contracting parties, as derived from the instrument, and where in solving the question the choice lay between the formal declaration of the instrument and the testimony of intention arising out of a mere covenant contained in it with a stranger to it, the former evidence is held conclusive. The leading case upon this subject is *Scudamore v. Vandenstene*, 2 *Inst.* 672, which was an action brought upon a charter party, in which the master of the ship was not described as one of the parties thereto, but to whom covenants therein were made by both of the parties. He, however, signed the charter party. In an action brought upon the charter party, the master as a party thereto released, and the release was pleaded in bar of the action. The case was heard before Lord Coke and it was adjudged that the release of the master did not bar the action, because the master was without a legal interest and was not a party to the indenture.

Speaking of this case, Chief Justice Beasley, in *National Union Bank at Dover v. Segur,*, 39 *N. J. Law*, 173, said: The joinder of the master as a covenantee "seemed to indicate that the design was to make him a party to the deed, but, opposed to this indication, was the fact that he had no interest, and the commencement of the deed described, in clear terms, who the parties were, and he was excluded by that description. Under these conditions, it was held that such exclusive description must prevail. In searching for the intention, the actual expression of the instrument outweighed the implication arising out of the form of the covenant, hence the rule of law." The learned Chief Justice in his opinion in the same case, said:

"An examination of the authorities upon the subject will show that the rule is conclusively settled that the naked fact

that in a deed *inter partes* there is contained a covenant with a third person will not enable such third person to sue for its breach. There are a series of English decisions to this purpose, and the later of these treat the doctrine as immovably established. And in the year 1830 it was so considered by this court, Chief Justice Ewing, in the case of *Smith v. Emery*, 12 *N. J. Law*, 60, thus expressing himself: 'The instrument of writing set forth in this declaration is what is technically called an instrument *inter partes;* that is to say, it is expressed to be made between certain parties—between the persons who are named in it as executing it. In such a case it is a settled rule that, although a covenant be expressed in the instrument for the benefit of a third person, an action can be brought in the name of one of the parties only, and not in the name of such third person.' The prevalence of the rule is quite as strongly stated in the case of *Chesterfield et al. v. Hawkins*, 3 *H. & C.* 690, and there are a number of American adjudications to the same effect. The legal doctrine, therefore, as thus stated, and as to the extent stated, should not be considered open to contestation. It is a purely technical rule, and rests upon authority, and that authority is decisive. * * *

"Such I regard the aspect of the ancient cases; nor does it seem to me that the more recent ones put the matter on a different footing. They merely reiterate the rule of decision in the case cited above, from the second volume of the Institutes, that when the premises of the deed are descriptive of the parties, the right of suit is confined to such parties when there is no other evidence in the instrument to give it a different effect than the presence of a covenant moving to a third person. Such is the purport of the decision in *Berkeley v. Hardy*, 5 *Barn. & Cress.* 355, and *Metcalfe v. Rycroft*, 6 *M. & S.* 75."

While in the case of *National Bank v. Segur, supra*, the court recognized the rule of law that in the absence of something in the instrument to give it a different effect, a description of the parties in the premises establishes the *inter partes* character of a contract under seal, determines who are parties with legal interests, and excludes from the enforcement of the covenants all others with mere beneficial interests, it nevertheless went a step further,

under the unusual facts of that case, without, however, changing the principles of the law, and held that the court may look for a party with a legal interest in some other part of the contract than in the premises, and if it be found that elsewhere in the contract the covenantor has conferred upon a third person, who may happen to be the person beneficially interested, the *legal* right to enforce that interest by action at law, and this legal right is conferred by clear expression and not by implication, then there is really another party to the contract, who has an enforceable legal interest, and the law remains as before, that only a *party* with a *legal interest* may maintain at law an action of covenant.

[3] An examination of the agreement under consideration discloses that the covenantor described the parties thereto in the premises, thus: "Memorandum of agreement by and between Francis N. Buck, party of the first part, and Garrett S. Jones, party of the second part, witnesseth that," etc. We assume that by this description of parties in the premises, those and only those named therein were the parties contemplated by the covenantor at the time he designated them. The description by the covenantor of himself as one party and Garrett S. Jones as the other party, determines the contract to be *inter partes;* and unless the contrary expressly appears elsewhere in the contract, it also shows by the exclusion of the Rahway National Bank from the description, that the only parties to the contract are those expressly described as such.

The consideration that moved the covenantor to make Garrett S. Jones the other party to his contract, as well as the consideration that moved him to make to Garrett S. Jones the promise that followed, appear in the preamble that follows imme diately after the premises, which recites that, "Whereas, the said Francis N. Buck has negotiated a loan of nine thousand dollars, *through* the said Garrett S. Jones, from the Rahway National Bank: * * * Now, therefore," that is, in consideration thereof, or for the reason the loan was so negotiated through the said Garrett S. Jones, whom he had just described as the other party to his contract, he promised to indemnify and

save harmless the said Garrett S. Jones from loss arising out of the said loan. Though the covenantor made the same promise to the Rahway National Bank, he made it to one that in the first instance was excluded from the contract as a party and was not thereafter included as such by expression or by anything further than the mere implication arising from the promise, which implication, according to the rule, is outweighed by the greater force of the exclusive description of the parties.

As this agreement appears to have been made between the parties described in the premises, for the reason shown in the preamble, and as there is nothing in the whole agreement that shows the Rahway National Bank to be a party to the agreement, or a covenantee with a legal interest or to possess anything other than a mere beneficial interest, we are of opinion that the Rahway National Bank cannot maintain this action at law upon the supposed breaches of the covenant.

The demurrer is sustained.