JOHN ROBINSON, trading as JOHN ROBINSON and COMPANY *vs.*
   ALICE DUPONT ORTIZ, owner or reputed owner, and JOHN F.
   DAVIES, contractor.

1.  BONDS—SEALED INSTRUMENTS—RIGHT TO SUE.
     In general, no one can sue on a sealed instrument but a party to it.

2.  BONDS—SEALED INSTRUMENTS—INTENT.
     The expressed intention in a sealed instrument with respect to the ques-
tion who shall be considered parties prevails over any implied intention that
the instrument was given for the benefit of another.

3.  ESTOPPEL—ESTOPPEL BY DEED—RIGHT TO URGE.
     An estoppel by deed as a sealed instrument of suretyship is operative
only between the parties to the deed and their privies, and a stranger to the
instrument cannot invoke the estoppel.

4.  MECHANICS' LIENS—SUBCONTRACTORS—LIENS.
     When a subcontractor as a surety executed a bond given by the contractor
conditioned that the contractor would comply with the contract, which pro-
vided that he should furnish all material and perform all work according to
specifications and furnish a satisfactory release of any lien before final settle-
ment should be made, the owner being entitled to retain out of the amount
due a sufficient sum to indemnify himself against liens, etc., the subcontractor,
the bond not providing specifically against liens, may, despite his obligation
as a surety, perfect a lien against the property.

(*April 4, 1917.*)

Judges BOYCE and CONRAD sitting.
*Caleb S. Layton* (of Marvel, Marvel and Wolcott) for plaintiff.
*William S. Hilles* for defendant.
Superior Court, New Castle County, March Term, 1917.

ACTION SCI. FA. SUR. MECHANICS' LIEN, No. 41, March Term.
1916.

Action by John Robinson, trading as John Robinson and Com-
pany, against Alice Du Pont Ortiz, owner, or reputed owner, and
John F. Davies, contractor, for the recovery of a mechanic's lien.
Special amended pleas to the plaintiff's statement filed.   On gen-
eral demurrer to each of the special pleas.   Demurrer sustained.

A statement of claim with a bill of particulars annexed was
filed by the plaintiff for a lien under the statute against the prop-
erty of the defendant, described in the statement, in which it is
stated that:

At the time the materials were furnished, "John F. Davies was the contractor for the erection of the said new three-story stone building as an addition to said residence under a contract made with Alice Du Pont Ortiz through her husband and agent, Julien Ortiz, and the contract of the said claimant was with John F. Davies and was in accordance with the contract of the said John F. Davies, contractor with the said Alice Du Pont Ortiz."

The contract entered into for the erection of the building was in writing—

"by and between Mr. John F. Davies, party of the first part (hereinafter designated the contractor) and Mr. Julien Ortiz, party of the second part (hereinafter designated the owner)."

The contract provided that:

"The contractor shall and will provide all the materials and perform all the work for the erection of an addition to residence near  *  *  *  as shown on the drawings and described in the specifications prepared by  *  * * which drawings and specifications are identified by the signatures of the parties hereto, and become hereby a part of this contract."

It also provided that:

"If at any time there shall be evidence of any lien or claim for which, if established, the owner of the said premises might become liable, and which is chargeable to the contractor, the owner shall have the right to retain out of any payment then due or thereafter to become due an amount sufficient to completely indemnify against such lien or claim. Should there prove to be any such claim after all payments are made, the contractor shall refund to the owner all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the contractor's default."

Again it provided that:

"The contractor will have to furnish a satisfactory release of any liens before final settlement is made."

The contractor gave a bond to Julien Ortiz, with the claimant and another as sureties therein, which bond contains the following:

"Whereas the above bounden John F. Davies hath contracted and agreed with the said Julien Ortiz to furnish all work and material for the erection and completion of an addition to residence at Greenville, Delaware, according to certain plans and specifications prepared by * * * architect and in accordance with the written agreement between the parties dated:
    "Now the condition of this obligation is such that if the said John F.

Davies shall well and truly and in every respect fully comply with all the terms and conditions of the aforesaid agreement and pay for all work and labor done and materials used therein therefor, then the above obligation to be;" etc.

The bond was duly signed, sealed and delivered.

Neither in the contract nor in the bond is the name, or the fact of the ownership, of Alice Du Pont Ortiz, the defendant, mentioned or referred to.

The defendant filed five amended special pleas to the plaintiff's statement of claim, and made profert of the bond. Copies of the contract and bond are attached to the pleas.

It is conceded that the second and fourth pleas are bad. Each of the remaining three pleas refer to the contract and in varying terms are based upon the several conditions of the contract.

In the language of the plaintiff's brief:

"The first plea alleges that Robinson was a sub-contractor under Davies and that the material furnished by such sub-contractor was included in Davies' contract. That Davies' contract provided for the furnishing by him of all work and materials, provided for the completion of the work with promptness and diligence, authorized the owner to take the work out of the contractor's hands for failure to complete it in accordance with the contract, that the owner had a right to retain moneys due the contractor in the event of there being evidence of a lien, and that the contractor was to furnish satisfactory releases of liens before final payment was made to him. That the work was taken out of the contractor's hands by reason of defaults under his contract and it was completed by the owner at a cost in excess of the contract price. The plea further states that the contract provided for the giving of a bond by the contractor with sureties, and the claimant in this cause became one of such sureties; that said bond provided among other things that Davies should well and truly and in every respect fully comply with all the terms and conditions of his agreement and pay for all work and labor done and materials used in the prosecution of the work; that Davies did not pay for the work; that he did not furnish a release of liens, and that the claim filed in this cause is for material covered by the Davies contract and against which both the agreement and the bond provided."

The plea concludes with the averment:

"That the complainant is barred and estopped from filing or maintaining his said lien against this defendant and against the real estate mentioned and set forth in said claim."

"The third plea in substance alleges that the materials for which the claim is filed were included in the Davies, contract; that the claimant became a surety upon the bond provided for in the contract; that the agreement with

Davies provided for a satisfactory release of liens, including a release signed by the claimant herein."

It concludes with the averment:

"That the complainant may not have or maintain his aforesaid action against the defendant or against her real estate described in said statement of claim."

"The fifth plea is a more specific statement of the defaults on Davies' part and the obligation thereby imposed upon the sureties of the bond."

In the plea it is alleged:

"That there is nothing whatever due the said Davies on the said contract, but the said Davies hath on the contrary thereof been largely overpaid and is indebted to this defendant in a large amount in excess of the amount claimed in this cause. For all of which matters and things the said claimant herein as surety on the said bond as aforesaid is liable to this defendant," etc.

BOYCE, J., after stating the facts as above, delivered the opinion of the court:

The question raised by the demurrer to the pleas filed to the plaintiff's statement of claim, is whether he as a sub-contractor is estopped from having a mechanic's lien, by reason of his having become surety on the bond of the contractor, given to the agent of an undisclosed principal, the defendant and owner of the building.

First, may the defendant, the owner of the building mentioned in this proceeding, avail herself of any advantage arising from the bond in which the plaintiff is one of the sureties? Second, whether the recital in and condition of such bond operate as a waiver of the right of the plaintiff to have a lien under the statute?

By her pleas the defendant has set up the bond of Davies, the contractor, in which the plaintiff is one of the sureties, with the averment that the plaintiff is barred and estopped from maintaining his action for a lien.

[1, 2] As a general proposition, no one can sue on a sealed instrument but a party to it, and the expressed intention of the instrument, with respect to the question of who shall be considered the parties to it, prevails over any implied intention that the instrument was given for the benefit of some other person. *Jones v. Buck*, 4 *Boyce*, 546, 90 *Atl.* 86.

[3] An estoppel by deed is operative only between parties to the deed and their privies; strangers to the deed are not bound by, nor can they invoke the estoppel. *Bigelow on Estoppel*, 365; 10 *R. C. L.* 839; 16 *Cyc.* 710.

It is the opinion of the court that the bond relied on is not effective as an estoppel against the plaintiff's action.

[4] The stipulations in the contract respecting liens do not specifically provide against liens, but rather for indemnity in case of liens or claims, and the condition of the bond in this respect is less specific than the contract.

The language of the contract contemplates the possibility of liens, and from anything in the bond it does not appear that it was intended as a waiver of the rights of the parties thereto to have liens, if entitled under the statute.

The plaintiff is, therefore, not barred from maintaining his action.

The demurrer to each of the pleas is sustained.