BOARD OF PUBLIC EDUCATION IN WILMINGTON, a corporation existing under the laws of the State of Delaware, for the use of Norman W. Ketcham, *v.* THE AETNA CASUALTY AND SURETY COMPANY, a corporation existing under the laws of the State of Connecticut.

(*May* 9, 1930.)

PENNEWILL, C. J., RICHARDS and RODNEY, J. J., sitting.

*James R. Morford* for plaintiff.

*Aaron Finger* for defendant.

Superior Court for New Castle County, No. 40, September Term, 1929.

RODNEY, J., delivering the opinion of the court:

The precise question is whether a surety on a contractor's bond is liable for the payment of claims for material or labor furnished to a sub-contractor.

For a long time prior to the passage of the Act in question the right of third party beneficiaries to recover from a surety in a contract bond had been the subject of much discussion and litigation. Professor Corbin in his interesting article in 38 *Yale Law Journal* 1, has traced the varying views of the question to the new and tentative rules of the American Law Institute. *Cleveland Metal Roofing & Ceiling Co. v. Gaspard*, 89 *Ohio St.* 185, 106 *N. E.* 9, *L. R. A.* 1915A, 768, *Ann. Cas.* 1916A, 754; *Page on Contracts*, § 2408.

The modern and liberal tendency sustaining the right of action in third party beneficiaries became crystallized in our Act of Assembly.

Before. entering upon a consideration of the precise question involved which has not been heretofore passed upon in this State, some attention may be given to the Act of Assembly under which the present bond was given. The same statute was before the Supreme Court in *State v. Aetna Casualty & Surety Co.*, 4 *W. W. Harr.* (34 *Del.*) 158, 145 *A.* 172, and it was there determined that the purposes of the statute required that it should be given a liberal construction.

While the Act of Assembly, in view of its obvious purpose must be given a liberal construction, yet this liberality must be confined within definite limits and cannot be given an unrestrained application broader than its clear terms. In *State v. Aetna*

*Co., supra,* it was stated that the Delaware Act was similar to the Federal Act and the cited case was determined upon that assumption. The question presented in the former case probably involved no distinction between the two acts, but the facts in the present case call for a closer scrutiny and lead to a clear distinction between them.

Before attempting a differentiation between the Acts it seems proper to advert to a pertinent general principle.

█ Where a bond is signed by a general contractor as principal and by a surety company as surety, it must be true that the liability of the surety is co-extensive with the liability of the principal and no suit on the bond can be maintained against the surety unless a corresponding suit would be maintainable against the principal.

The Federal Act of August 13, 1894, *U. S. Compiled Statutes,* § 6923, 40 *U. S. C. A.* § 270, provides that with every contract for a public building or public work, a penal bond must be given by the contractor, with surety, conditioned

"that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract."

The Federal Act has been expressly held to be broad enough to cover the claim of a material man for materials furnished to a sub-contractor. *U. S., for Use of Hill, v. Amer. Surety Co.,* 200 *U. S.* 197, 26 *S. Ct.* 168, 170, 50 *L. Ed.* 437, and *Mankin v. U. S.,* 215 *U. S.* 533, 30 *S. Ct.* 174, 54 *L. Ed.* 315.

In the first cited case, the court said:

"Language could hardly be plainer to evidence the intention of Congress to protect those whose labor or material has contributed to the prosecution of the work. There is no language in the statute nor in the bond which is therein authorized limiting the right of recovery to those who furnish material or labor directly to the contractor but all persons supplying the contractor with labor or materials in the prosecution of the work provided for in the contract are to be protected. The source of the labor or material is not indicated or circumscribed. It is only required to be 'supplied' to the contractor in the prosecution of the work provided for. How supplied is not stated, and could only be known as the work advanced and the labor and material are furnished."

Again the court said:

"The obligation is 'to make full payments to all persons supplying it with labor or materials in the prosecution of the work provided for in said contract.' This language, read in the light of the statute, looks to the protection of those who supply the labor or materials provided for in the contract, and not to the particular contract or engagement under which the labor or materials were supplied. If the contractor sees fit to let the work to a sub-contractor, who employs labor and buys materials which are used to carry out and fulfil the engagement of the original contract to construct a public building, he is thereby supplied with the materials and labor for the fulfillment of his engagement as effectually as he would have been had he directly hired the labor or bought the materials."

A number of jurisdictions have adopted the almost literal verbiage of the Federal Act and the statutes have been similarly construed. Among these are *Oliver Construction Co. v. Williams*, 152 *Ark.* 414, 238 *S. W.* 615; *Columbia County v. Consolidated Contract Co.*, 83 *Or.* 251, 163 *P.* 438, 441.

In *Bowditch v. Gourley*, 24 *Pa. Super. Ct.* 342, the ordinance under which the bond was given provided that the bond should be conditioned that the contractor should promptly make payment to all persons whether as sub-contractor or otherwise in the prosecution of the work. It was held that materials furnished to a sub-contractor were covered by the bond given pursuant to the ordinance. See, also, *Philadelphia v. H. C. Nichols Co.*, 214 *Pa.* 265, 63 *A.* 886, and *Philadelphia v. Wiggins*, 227 *Pa.* 343, 76 *A.* 31.

In all of these cases it will be seen that the statutes or ordinances required that the bond should make the contractor liable for all labor or material entering into the work. The source of the labor or material was not limited—the only requirement being that they were supplied to the work. It is this generality that distinguishes the cited cases from the present one. The Delaware Act provides for a bond conditioned that the principal shall pay all sums for labor and material "for which the contractor is liable." The question immediately arises then—is the contractor liable, outside of the statute or bond, for materials furnished to a sub-contractor? In the cited cases the contractor is made liable by the statutes themselves and bonds pursuant thereto for all labor and material entering into the work and the liability of the surety follows the liability of the principal. In the Delaware Act the con-

templated bond need only cover claims "for which the contractor is liable." We take it to be the established law that where a person employs another to do work for him, he is not liable to an action for services performed in the work by a third person solely on behalf of such second person nor for materials furnished by such third person to such second person under a contract between them alone. There is no privity between the first party and third—the contract being solely between the sub-contractor and laborer or material man as the case may be. 13 C. J. 713 and cases there cited.

In the present case if the principal on the bond, the general contractor, was not liable for materials furnished to the sub-contractor then neither he nor the surety on the bond would be liable for such claim if the bond had literally been co-extensive with the statute and in strict conformity with it.

The bond in the present case, however, is broader than the statute and its conditions are beyond the requirements of the statute. The condition of the bond as set out in the statement of facts provides:

"That the contractor shall promptly pay all lawful claims of sub-contractors, materialmen and laborers for labor performed and materials furnished in the carrying forward, performing or completing the said work, we (principal and surety) agreeing and assenting that this undertaking shall be for the benefit of any materialman or laborer having a just claim as well as for the obligee herein."

The question now to be determined is, whether under this bond, broader and more comprehensive than the statute, recovery may be had by a materialman furnishing material to a sub-contractor who is not party to the bond.

This recovery is opposed by the defendant, and we are referred to *Merchants' Union Trust Co. v. New Philadelphia Graphite Co.,* 10 *Del. Ch.* 155, 87 *A.* 1022, and *Jones and Rahway National Bank v. Buck,* 4 *Boyce* 546, 90 *A.* 86. In the latter case it was determined that in a sealed instrument the parties named in the premises are the only parties having a suable interest, no matter for whose benefit the instrument is made, unless other parties are expressly given that right in the remainder of the instrument. This case is cited with approval in *Robinson v. Ortiz,* 6 *Boyce* 370, 100

*A.* 408, and *Garford Motor Truck Co. v. Buckson,* 4 *W. W. Harr.* (34 *Del.*) 103, 143 *A.* 410.

We are of the opinion that there is nothing in the case of *Jones v. Buck, supra,* in any way determinative of the question here involved. In that case it was held as above indicated, that unless a contrary intent is apparent from an instrument itself, the instrument will be deemed to be *inter partes* and will embrace only those persons who are parties to it. In the present case, however, both the principal and surety expressly agree that the bond "shall be for the benefit of any materialman or laborer having a just claim." The plaintiff herein is a material man furnishing material for the structure, the justice of whose claim is not disputed but assumed from the pleading. The bondsman, we may assume, was a compensated bondsman and the bond itself was given pursuant to and in consideration of the granting of the contract for the erection of the building. There are many cases sustaining the liability of a bond, the terms of which are broader than those of the statute pursuant to which the bond was given. It is unnecessary to extend this opinion by the citations at length of these decisions. Many of them are collected in *Clatsop County ex rel. Hildebrand v. Feldschau,* 101 *Or.* 369, 199 *P.* 953, and in the note in 18 *A. L. R.* 1227. See, also, *American Guaranty Co. v. Cincinnati Iron & Steel Co.,* 115 *Ohio St.* 626, 155 *N. E.* 389.

We hold that a material man furnishing material to a subcontractor has a cause of action under a bond with a condition such as involved in this case.

The demurrer is, therefore, overruled.