Borough of Castle Shannon *v.* Collinger et al.

Argued May 8, 1933.

Before
Trexler, P. J., Keller, Cunningham, Baldrige, Stadt-
feld, Parker and James, JJ.

Charles A. Woods, Jr., and with him Dickie, Robin-
son & McCamey, for appellant.

John C. Bane, Jr., and with him Reed, Smith, Shaw
& McClay, for appellee.

Opinion by Trexler, P. J., July 14, 1933:

This was an action brought upon a surety bond given
to the Borough of Castle Shannon by the Liberty Con-
struction Company, as principal and the Continental
Casualty Company as surety, in connection with a con-
tract with the Borough wherein the Construction Com-
pany agreed to construct a sanitary sewer. There were
three surety bonds given, one for the performance of
the contract; the second for the maintenance of the
improvement and the third for labor and materials
entering into the improvement, the present suit being
upon the last named bond. It was dated the 18th day
of July, 1931. The principal and surety were bound
firmly unto the Borough of Castle Shannon in a cer-
tain sum to be paid to the Borough, and then follows
this recital: "Whereas, it is provided by an Act of
the General Assembly of the Commonwealth of Penn-

146

sylvania, being an act entitled: 'An Act to amend Section 1 of the Act approved the 10th day of May, 1917, (P. L. 158), entitled, "An act to authorize counties, cities, boroughs, towns, townships, school districts, and poor districts to require a bond to protect labor and materialmen, and *providing for suits thereon by laborers and materialmen* furnishing labor and material in and about the erection, alteration, addition and repair of public buildings," as amended, extending the provisions of said Act to roads and bridges and machinery. ' "That it shall be the duty of all counties, cities, boroughs, towns, townships, school districts and poor districts, in the improvement of lands, or in the erection, alteration, addition or repair of roads, bridges, edifices and public buildings of any kind, in said districts, to require of the contractor or contractors employed in and about said improvements, an additional bond, with sufficient surety or sureties, providing for the payment of all labor and material entering into the said improvements, and all machinery used on said improvements.' " approved March 28, 1929; and also as further amended by Acts of June 22, 1931, P. L. 881, and June 23, 1931, P. L. 1180. "Now, the condition of the above obligation is such, that if the said Liberty Construction Company, shall and will promptly pay, or cause to be paid to any person or persons, co-partnership, or co-partnerships, corporation or corporations, all sums of money which may be due for labor performed, or material supplied and furnished in and about the performance of the work covered by the said contract, then this obligation to be null and void, otherwise to be and remain in full force and virtue. No action shall be brought upon this bond after one (1) year from the date of the final acceptance of the said work by Borough of Castle Shannon, Pennsylvania."

The reference to the above acts has no significance except that it was evident that the purpose of this bond was for the protection of materialmen. The Act of May 10, 1917, P. L. 158 was repealed in so far as it affects boroughs. The Act of June 22, 1931 (No. 294) P. L. 881, did not become effective until three or four days after the bond was signed, and the Act of June 23, 1931, No. 321, P. L. 1181 related to a different situation than the one here presented.

The position taken by the appellant, the Surety Company, resolves itself into this rather unethical situation. It was paid a premium for giving the bond, but it claims in effect that there never was any obligation imposed by the bond. The Borough was protected by its former bond, and under the conditions of the bond in question nothing was to be done on its behalf. The protection sought to be afforded to the labor and materialmen is not effective because they are not a party to the bond. In other words, the Surety Company is paid a premium for doing nothing and incurring no liability. Surely in all fairness such a conclusion should not be reached, if it can be avoided. The Surety Company relies on the case of Greene County v. Southern Surety Company, 292 Pa. 304, 141 A. 27. The bond in that case was given to save harmless the county from liability for wages due or material furnished and the obligor engaged to pay the wages and material. It was not a statutory bond. The court held, in that case, that there could be no recovery in an action brought in the name of the county to the use of the company who furnished cement for the improvement. The bond, in the present case, differs somewhat, being not to save harmless the borough, but solely to provide for the payment of the wages and material entering into the improvement. ''In contracts for the performance of public work, the state, or its subdivisions, may, as a matter of pub-

lic policy, by statute or ordinance, require bonds to protect those furnishing labor and material to such work: Philadelphia v. Stewart, 195 Pa. 309. Where a bond is given for public work in pursuance of a statute or ordinance for the protection of laborers and materialmen, those who come within the protected class may sue the surety on the bond: Phila., to use, v. McLinden, 205 Pa. 172, 176; Phila. v. Stewart, supra; Phila. v. Harry C. Nichols Company, 214 Pa. 265; Phila. v. Neill, 206 Pa. 333; Phila. v. Neill & Lincoln Savings & Trust Co., 211 Pa. 353, 355; Phila. v. Wiggins, 227 Pa. 343; H. H. Robertson Co. v. Globe Indemnity Co., 268 Pa. 309; Bowditch v. Gourley, 24 Pa. Superior Ct. 342, 344. [City of Phila. et al. v. Jafolla — Pa. —] May 26, 1933.

"But it must appear that the bond was given under such ordinance or statute for the protection of third parties, Lancaster v. Frescoln, 192 Pa. 452; Lancaster v. Frescoln, (No. 2), 203 Pa. 640.

It would seem that the bond in this case was statutory. The authority to demand it will be found in the Act of June 9, 1931, P. L. 386, Sec. LIV, p. 394, in which is contained the following: "It shall be the duty of every borough to require any person, co-partnership, association, or corporation, entering into a contract with such borough for the construction, erection, installation, completion, alteration, repair of, or addition to, any public work or improvement of any kind whatsoever, where the amount of such work is in excess of five hundred ($500) dollars, before commencing work under such contract, to execute and deliver to such borough, in addition to any other bond which may now or hereafter be required by law to be given in connection with such contract, an additional bond for the use of any and every person, co-partnership, association, or corporation interested, in a sum not less than fifty (50%) per centum and not more

than one hundred (100%) per centum of the contract price, as such borough may prescribe, having as surety thereon one or more surety companies legally authorized to do business in this Commonwealth, conditioned for the prompt payment of all material furnished and labor supplied or performed in the prosecution of the work, whether or not the said material or labor enter into and become component parts of the work or improvement contemplated. Such additional bond shall be deposited with and held by the borough for the use of any party interested therein. Every such additional bond shall provide that every person, co-partnership, association, or corporation, who, whether as sub-contractor or otherwise, has furnished material or supplied or performed labor in the prosecution of the work as above provided, and who has not been paid therefor, may sue in assumpsit on said additional bond, in the name of the borough, for his, their, or its use, and prosecute the same to final judgment for such sum or sums as may be justly due him, them, or it, and have execution thereof: Provided, however, That the borough shall not be liable for the payment of any costs or expense of any suit.''

The bond in question was authorized by this act of assembly. But, say the appellants, the form prescribed by the Act was not followed. We do not think this is material. The Act of Assembly, irrespective of the part designating the form of the bond, prescribes that the bond given shall be for the use of any and every person, co-partnership, association or corporation interested. See Robertson v. Globe Indemnity Co., 77 Pa. Superior Ct. 422. This gives the scope of the bond. It certainly did not mean that the names of the parties benefited should be named therein for at the time the bond was given, the names were not available as the materials and labor were to be furnished in the future. The above act satisfies the re-

quirement set out in the cases, and supplies statutory authority for the materialmen to sue on the bond although not a party thereto by special designation, but merely a member of a class coming within its provisions. The fact that the clause providing for the inclusion in the bond of a provision that the party furnishing labor or material may sue in assumpsit was not inserted in the present bond does not affect the matter, for its omission did not make the bond void there being no provision in the act to that effect. What we are contending is that there is legislative authority for the inclusion of what has been called a protected class as a party to the bond. This was the view the lower court took, and irrespective whether the parties executing the bond knew of the act of assembly, or, were not aware of its existence, it, nevertheless, governed the transaction.

If the position taken by the appellant be true that the bond is not statutory because it does not include the clause directed by the act, we may suggest that even so it does not necessarily bar the plaintiff. Notwithstanding, any statutory provision, the parties can still make their own bargain, and even if there be no compliance with the statute, the intention of the parties as found in the bond will govern. We think the right to sue is recognized in the instrument, which we are considering, for the bond contains a recital, which we have quoted above. The word introducing the recital is "whereas," and the clause may be paraphrased in this manner, "Since the fact is that the law protects labor and materialmen and provides for suit on bonds by labor and materialmen, the parties hereto enter into this obligation." The right to sue, therefore, is recognized in the instrument and we need not find any authority in any act of assembly, but we have the declaration to that effect right in the bond. We think this is sufficient to support the plaintiff's

case. That the parties to this bond assumed that the fact arose by reason of an act of assembly, which had ceased to exist, does not alter the matter. The intention is the determining factor. The language of the bond governs. Bowditch v. Gourley, 24 Pa. Superior Ct. 342; Portland S. & G. Co. v. Globe Indemnity Co., 301 Pa. 132, 151 A. 687.

We are encouraged in the position we take after reading the opinion of Justice MAXEY in the case of Concrete Prod. Co. v. U. S. Fid. & Guar. Co., 310 Pa. 158, which apparently opens the way to a more liberal construction of the kind of bond we are considering. In that case the language used was, "So agreeing and asserting that this undertaking shall be for the benefit of any materialmen or laborer having a just claim as well as the obligee therein." And the court held that if "it was not intended to make the materialmen and laborers direct beneficiaries under the bond the clause referred to would be without meaning." So in the present case the allusion to the fact that the law provides for suits on the part of laborers and materialmen recognizes the fact "that either parties are being accorded enforceable rights thereunder." Id. The learned justice then alludes to the fact that a liberal interpretation of the rights of gift promises in a contract are sanctioned by section 135 of the "Restatement of the Laws on Contracts," adopted by the American Law Institute, and makes further interesting comment on the same subject.

Under either of the two views, above expressed, we believe the plaintiff should recover.

The judgment is affirmed.