## Commonwealth, to use, v. Hartford Accident and Indemnity Co.

*E. H. Cushman,* for plaintiff.

*Charles I. Thompson,* of *Ballard, Spahr, Andrews & Ingersoll,* for defendant.

GORDON, JR., J., December 5, 1934.—In the case stated now before us the use-plaintiff is a materialman, who furnished materials to a subcontractor engaged in the construction for the Commonwealth of a receiving ward building at the Wernersville State Hospital, and the defendant is the surety on a bond given by the general contractor to the Commonwealth for the faithful performance of the work and the payment of subcontractors and materialmen. The question presented for our determination is whether a materialman of a subcontractor, who has furnished materials to the latter which have been incorporated into the work, is entitled to maintain an action on the bond. This question depends upon whether such materialmen are within the terms of the condition of the bond, for it is conceded that, if they are, the plaintiff, as a third party beneficiary in it, is entitled to judgment on the case stated for the amount agreed upon, namely, $2,600: Commonwealth v. Great American Indemnity Co., 312 Pa. 183.

The condition of the bond in suit is that "If the above bounden principal as contractor shall well and faithfully do and perform the things agreed by him to be done and performed according to the terms of said contract and

general conditions, which are hereby made a part of this bond and the same as though they were set forth herein, and shall pay all lawful claims of subcontractors, materialmen and laborers for labor performed and materials furnished in the carrying forward, performing or completing of said contract . . . then this obligation shall be void; otherwise it shall be and remain in full force and effect."

It is contended by the defendant, first, that as the Act of April 22, 1903, P. L. 255, under which the bond was given, includes only those who deal directly with the contractor, namely, subcontractors and the laborers and materialmen of contractors, in the class of persons for whose benefit bonds are required by the act to be taken, the plaintiff, who is a materialman of a subcontractor, and thus one step further removed from the contractor, was not a third party beneficiary of the bond in suit and hence cannot maintain an action upon the bond; and second, that, apart from the provision of the act, the plaintiff is not, by the terms of the bond itself included among those for whose benefit it was given. At to the first of these contentions, it may be conceded that, if the interpretation of the language of the bond is to be controlled by that of the Act of 1903, the defendant's point is well taken, for that act seems to require a bond to be taken by the Commonwealth, in connection with public work, for the protection only of those who would be entitled to file a mechanic's lien against the work, if it were a private operation, and the plaintiff is not in that category, which includes only contractors, their own laborers and materialmen and subcontractors. It is well settled, however, that the right of the Commonwealth to require bonds of this character does not depend upon statutory authority and direction to do so, and that, if a particular bond is broader in its terms than required by the act under which it is given, it will be enforced as written, for the benefit of all who fall within its enlarged provisions, regardless of whether or not the act authorizes their inclusion in it: Philadelphia, to use, v. Harry C. Nichols Co., 214 Pa. 265; Philadelphia, to use, v. Jackson & Co., Inc., et al., 280 Pa. 319; Commonwealth v. Great American Indemnity Co., supra.

This brings us to a consideration of the second contention of the defendant, with which we cannot agree, that the plaintiff is not included in the terms of the bond itself. The bond provides two things, namely, first, that the "principal as contractor" shall faithfully perform the contract, and second, "pay all lawful claims of subcontractors, materialmen and laborers for labor performed and materials furnished in the carrying forward, performing, or completing of said contract." The language of the second provision, standing alone, obviously justifies the plaintiff's contention that the beneficiaries in the bond are not restricted to those who contract directly with the contractor. The defendant, on the other hand, argues that the words "principal as contractor" limits the phraseology of both provisions; that the second provision should read that "the principal as contractor . . . shall pay all lawful claims of subcontractors, materialmen, and laborers" for labor and materials furnished to the work; that the word "as" is equivalent to "if", so that the clause should read "the principal if contractor with them shall pay all" materialmen and laborers; and that when so read it relates only to those who deal directly with the contractor. The difficulty with this argument is that it gives an unnatural and distorted meaning to the word "as", which contains no conditional implications but which, according to the dictionary, "denotes equality or likeness in kind, quantity, degree, or manner." So, "as contractor" means "like" or "similar to" contractor. Thus the clause, when so read, means that the principal will pay *all* subcontractors, materialmen, and laborers who furnish work and mate-

rials to the operation "like" or "as though" he were a contracting party with them. This reading is further justified when it is remembered that the purpose of taking bonds of this character is to foster the best quality of workmanship and materials in public improvements by assuring to those engaged in such work payment for their labor and materials: Philadelphia v. Stewart, 195 Pa. 309.

Nor does the use in the clause under consideration of the words "all lawful claims of" subcontractors, etc., help the defendant's contention, for our courts have repeatedly held, in interpreting bonds with similar phraseology, that materialmen of subcontractors and those in no direct contractual relation with the contractor are within the protection of such bonds: Philadelphia v. Wiggins, 227 Pa. 343; Bowditch v. Gourley, 24 Pa. Superior Ct. 342.

Our discussion of this subject has, up to the present, been predicated upon the assumption that a correct reading of the bond requires the words "as contractor" to be carried over from the first into the second clause. We think, however, that this cannot be done, and that the words in question are applicable only to the first clause. They are naturally attached to it alone, and in connection with it they have a definite value. The principal agrees as contractor to perform his contract with the State, but, as to materials and labor that enter into the work, he agrees to pay for them without any actual express limitation. When so read, all difficulty of interpretation disappears, and the obligation of the principal to pay all whose labor and materials were incorporated in the building becomes manifest.

For these reasons, we are of opinion that the use-plaintiff is entitled to maintain its action, and accordingly judgment is entered in its favor and against the defendant for $2,600.