## Patterson *v.* New Eagle Borough.

## National Surety Co.'s Appeal.

Argued October 2, 1928. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Donald Thompson,* of *Calvert, Thompson & Berger,* with him *Harry A. Jones,* for appellant.—This appeal was taken in reliance on the rule stated in Frey's Est., 237 Pa. 269, approved in Northampton Trust Co. v. Traction Co., 270 Pa. 199.

If the bond properly interpreted obligates appellant to laborers and materialmen, it should be allowed to intervene in the court below: Greene Co. v. Surety Co., 292 Pa. 304; Robertson Co. v. Indemnity Co., 77 Pa. Superior Ct. 422; Phila. v. Jackson & Co., 280 Pa. 319.

*Carl E. Gibson* and *Dwight M. Anderson,* for appellee.—The bond does not obligate appellant to laborers and materialmen: Robertson Co. v. Indemnity Co., 77 Pa. Superior Ct. 422; Phila. v. McLinden, 205 Pa. 172, 176; Phila. v. Nichols Co., 214 Pa. 265; Phila. v. Neill, 206 Pa. 333; H. H. Robertson Co. v. Indemnity Co., 268 Pa. 309; Cadbury v. Duval, 10 Pa. 265; Davidson v. Bright, 267 Pa. 580; Greene Co. v. Surety Co., 292 Pa. 304.

Regardless of whether the bond properly interpreted obligates appellant to laborers and materialmen, it should not be allowed to intervene.

It has been settled law in Pennsylvania for a long time that one who sets up the equitable right of subrogation must have, by payment, succeeded to the rights of the persons through whom the claim is made: Ins. Co. of N. A. v. Fidelity, etc., Co., 123 Pa. 523; Lesley v. Kite, 192 Pa. 268; Phila. v. McLinden, 205 Pa. 172.

Opinion by Mr. Chief Justice Moschzisker, November 26, 1928:

One Carpinelli entered into a contract with the Borough of New Eagle to construct a sewer; he, as principal, and the National Surety Company, as surety, gave to the borough a bond, under seal, conditioned as follows: "If the said Antonio Carpinelli shall and will promptly pay, or cause to be paid, to any person......, all sums of money which may be due for labor performed or materials supplied and furnished in and about the performance of the work covered by the said contract, then this obligation to be null and void; otherwise to be and remain in full force and virtue."

The work contracted for was completed, and a balance due to Carpinelli and retained by the municipality was assigned by him to J. F. Patterson, the present plaintiff, who brought this suit against the borough to recover that amount.

The National Surety Company asked to intervene, contending that the contractor had failed to meet certain financial obligations for which his surety might be held liable under its bond; that it was in danger of being obliged to pay for labor and material connected with the improvement aggregating in amount more than the balance sued for by Patterson. This petition was based on the theory that it was lawful for the municipality and the contractor to agree that certain legislation, hereinafter more particularly referred to, should be considered as applicable to the character of work involved in the present improvement, and that, because of recitals in the bond, it might be held that they had so agreed.

Therefore the petitioner contended that, if the surety was liable to unpaid laborers and materialmen, it had such an interest in the money in suit that it should be allowed to intervene to prevent payment thereof to Patterson, the assignee of the defaulting contractor debtor.

The court below refused the petition to intervene, on the ground, inter alia, that there was no liability on the part of the surety to laborers and materialmen. The present appeal, by the surety company, is from this refusal.

It is quite plain that, were all mention of the legislation above referred to omitted from the bond, laborers and materialmen would have no rights thereunder (Greene Co. v. Southern Surety Co., 292 Pa. 304) ; but, just before its formal condition, the instrument in question makes mention, by way of recital, of the Act of May 10, 1917, P. L. 158, as amended by the Act of May 6, 1925, P. L. 546, 547. This legislation provides that, "It shall be the duty of all......boroughs......, in the improvement of lands, or in the erection, alteration, addition or repair of edifices and public buildings of any kind,...... to require of the contractor......employed in or about said improvements, an additional bond, with sufficient surety or sureties, providing for the payment of all labor and material entering into the said improvements." In addition to the matter just quoted, and in connection therewith, the title of the Act of 1917 is also mentioned as one authorizing boroughs "to require a bond to protect labor and materialmen and providing for suits thereon by laborers and materialmen......in and about the erection, alteration, addition and repairs of public buildings." It is these recitals which appellant suggests might cause the bond to be construed as making the surety so liable to unpaid laborers and materialmen that, by subrogation to their interest, it would gain an equity entitling it to intervene.

The court below, following the principles of the Greene Co. Case, concluded that, since laborers and materialmen

were not parties to either the contract or the bond, and since neither the Act of 1917 nor its amendment of 1925, nor any other legislation or municipal ordinance required that a bond for the protection of laborers and materialmen should accompany sewer contracts, albeit the present bond recited these acts, the obligation of the instrument could not be enforced by anyone other than the obligee named therein,—the Borough of New Eagle, —and then only for its own use. We agree with this conclusion.

Perhaps, since the present work has been substantially completed and finally accepted, there would be no probability of harm to the particular borough here involved if the view contended for by appellant should be taken, namely, that the recital in the bond of the Act of 1917, as amended, showed that, notwithstanding the fact that the acts in question had nothing to do with the subject-matter in hand, the parties to that instrument intended voluntarily to enter into and accept an obligation subject to the terms of that legislation; or, in other words, that the surety company intended to become bound by and the borough to accept a bond upon which unpaid laborers and materialmen might sue. Such a decision would, however, constitute a controlling precedent, and it might well be, if we allowed this recital to turn the obligation, assumed only for the benefit of the municipality, into one for the benefit of third parties, that, in some other similar case, where the draftsman of a bond, given for the sole purpose of protecting a municipality, mistakenly recited Acts of Assembly having no relation to the subject-matter in hand, these third parties would exhaust the security to the detriment of the real obligee. When a municipality is to be placed in such a disadvantageous position, some authority relevant to the particular subject-matter in hand, empowering the action which puts the municipality in that position, must be pointed to (Greene Co. v. Southern S. Co., supra, p. 321), and nothing of the kind is indicated here. Under our prior

decisions, mentioned in the Greene County Case, the present bond was properly construed by the court below.

No question of the right of appeal from an order refusing leave to intervene is raised by appellee, and we shall consider the present appeal as falling within the rule of Frey's Est., 237 Pa. 269, 271, where this court said that, under some circumstances, such a refusal might be treated as a final appealable order: see also Northampton Trust Co. v. Northampton Traction Co., 270 Pa. 199, 205.

Other grounds for sustaining the refusal to allow appellant to intervene are mentioned in the opinion of the court below, and argued in the briefs, but it would serve no useful purpose to discuss them here.

The order appealed from is affirmed.