## McCarthy, to use, *v.* Bridgeport Borough, Appellant.

Argued January 20, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*James Herbert Egan,* with him *Job J. Conklin,* for appellant.—A surety stepping into the shoes of a contractor succeeds to all the rights of the contractor as well as liabilities: Wells v. Phila., 270 Pa. 42.

On the question as to whether or not the borough had the right to enter into and enforce a contract providing for the payment of labor, one of the cases cited by the court in its opinion seems to answer this question in favor of plaintiff rather than defendant: Phila. v. Mc-Linden, 205 Pa. 172.

*Earl G. Harrison,* with him *Aaron S. Swartz, Jr.,* of *High, Dettra & Swartz,* and *Saul, Ewing, Remick & Saul,* for appellee.—There is no privity of contract between the borough and those who performed labor or furnish materials in connection with the construction of the sewer: Phila. v. McLinden, 205 Pa. 172; Lesley v. Kite, 192 Pa. 268; Phila. v. Stewart, 195 Pa. 309; Com. v. Surety Co., 50 Pa. Superior Ct. 404.

The provisions in the contract regarding payment by the contractor of all laborers and materialmen were rightly held by the court below to be independent covenants and not dependent covenants or conditions prece-

dent to plaintiff's right of recovery: Long v. Caffrey, 93 Pa. 526.

OPINION BY MR. JUSTICE SCHAFFER, February 5, 1930:

C. J. McCarthy entered into a contract with the Borough of Bridgeport for the building of a sewage system. He defaulted in the work and it was taken over by the surety on his bond, the National Surety Company, in pursuance of the demand of the municipality. At the time it assumed the undertaking, there was due to McCarthy by the borough $3,084.22. This amount had been assigned by McCarthy to the surety company. It made demand upon the borough for payment of the sum named, the borough refused to respond and this action was brought to compel payment. The case was heard by the court below without a jury, upon an agreed state of facts, and judgment was entered in plaintiff's favor for the amount claimed, from which the municipality appeals.

The position of the borough is that, as the specifications provide that "Before final payment is made the contractor shall furnish satisfactory evidence that all labor and material have been paid," and as there is a similar provision in the bond, it is justified in withholding payment from the surety until satisfactory evidence is furnished that all labor and materials have been paid, which is not the fact here, since it has received notice of claims against McCarthy for labor and materials aggregating $12,000, suits have been instituted by certain of the laborers against it and attachments have issued purporting to attach funds in its hands payable to him.

It is to be noted that the amount claimed is not the final payment due but a sum owing by the borough to the contractor for work which he had done.

The provision in the bond is: "The said McCarthy shall well and truly comply with the terms of the agreement as expressed therein......and shall fully pay and

account for all materials and labor furnished in the construction of said sewage system *and shall protect and save harmless the said Borough of Bridgeport from any and all suits, liens or claims of any manner whatsoever arising by nonpayment of any such claims or liens."* It would seem that this provision of the bond was intended to protect the borough from liability due to McCarthy's failure to pay "such claims or liens," that is to say, claims or liens for materials and labor for which it could be held liable, and on none of those here asserted is there any liability so far as the borough is concerned, as the contract between it and McCarthy is an independent contract. There is no privity of contract between the borough and those who performed labor or furnished materials in connection with the construction of the sewer. They are employees and creditors of the contractor only: 9 C. J. page 835, section 176. Where the municipality is not legally liable for a claim, it cannot withhold from one who is doing work for it, sums due by him to third persons. In Phila., to use, v. McLinden, 205 Pa. 172, the action was founded on two bonds given to the city by the contractor and his surety to secure the prompt payment of all sums due "for labor and materials furnished and supplied or performed in and about the work." The surety notified the city, at a time when the amount due the contractor exceeded the amount of the claims for labor, not to pay the balance due him until he had paid the claimants. This notice was disregarded by the city. In an action on the bond, the court made absolute a rule for judgment for want of a sufficient affidavit of defense. In affirming, we said, (page 176), "The notice not to pay the contractor would have exonerated the surety if the payment was one which the city ought to have withheld, but it was not. The city was under no obligation to pay the claimants, nor to see that they were paid. They had no claim upon the fund in its possession which could be enforced, and the city could not retain the money in order that

the creditors of the contractor or his surety could reach it by any process: Lesley v. Kite, 192 Pa. 268." In the latter case, the City of Philadelphia by ordinance had authorized the director of public works to enter into certain contracts for the construction of sewers. The ordinance contained a provision that the director of public works should give one month's notice of the date of final payment and that satisfactory evidence should be furnished that full compensation had been made for all labor due and materials furnished previous to drawing warrants for such payment. The plaintiff had furnished labor and materials to the contractors with the city for the construction of the sewer and had never been fully paid by them. A bill was filed for the appointment of a receiver of the fund in the hands of the city due to the contractors to the end that the receiver should therefrom pay the claim which plaintiff had against them. In affirming the action of the court below in sustaining a demurrer to the bill, it was said, speaking through Mr. Justice STERRETT (page 274), "It is unnecessary to multiply authorities for the purpose of showing that city councils have no authority whatever, express or implied, to provide a new remedy in the nature of an attachment, lien or trust of any kind whereby subcontractors may enforce payment of their claim out of money due the principal contractor. On grounds of public policy, the legislature has hitherto withheld from contractors and subcontractors, not only the right of lien on public buildings, but also the right of attaching money in the hands of the city. On the same principle, it cannot be successfully contended that councils may by ordinance empower the director of public works to retain money due one of the city's contractors in order that his creditors, who are not parties to the contract, may proceed by bill in equity or otherwise against him, and thus have the money applied to their claims. In other words, city councils are powerless to provide any remedy to be used as a substitute for attachment or

any other remedy which the legislature has heretofore withheld on grounds of public policy or otherwise."

In Patterson v. New Eagle Boro., 294 Pa. 401, the contractor for the construction of the sewer had given bond conditioned in substantially the language of the one here involved. The work was completed and a balance due the contractor retained by the municipality was assigned by him to a third person who brought suit against the borough to recover that amount. The surety on the bond intervened, contending that the contractor had failed to meet certain financial obligations for which it might be liable under its bond; that it was in danger of being obliged to pay for labor and material connected with the improvement. The court below refused the petition to intervene on the ground that there was no liability on the part of the surety to the laborers and materialmen. It was argued that by reference in the bond to certain legislation the surety was in fact liable to unpaid laborers and materialmen. Speaking through the present Chief Justice, we said (page 404), "It is quite plain that, were all mention of the legislation above referred to omitted from the bond, laborers and materialmen would have no rights thereunder (Greene Co. v. Southern Surety Co., 292 Pa. 304)"; and, further, "The court below, following the principles of the Greene County Case, concluded that, since laborers and materialmen were not parties to either the contract or the bond, and since neither the Act of 1917 nor its amendment of 1925, nor any other legislation or municipal ordinance required that a bond for the protection of laborers and materialmen should accompany sewer contracts, albeit the present bond recited these acts, the obligation of the instrument could not be enforced by any one other than the obligee named therein,—the Borough of New Eagle,—and then only for its own use. We agree with this conclusion." If, on the ground that there is no liability against the surety, the surety cannot prevent the payment to the contractor or to the

contractor's assignee of a balance due, because of unpaid bills for labor and materials, with stronger reason the borough in the instant case cannot refuse payment to the contractor or his assignee, the surety which took over the work, because of the same kind of outstanding bills, since there is likewise no liability on the borough.

If this action were by McCarthy in his own right and not by him to the use of his assignee, the borough would have no defense to it, for the reason that the money sued for is not the final payment. We think the use-plaintiff in this respect stands in McCarthy's shoes. It is argued by appellant that it so stands in all respects so far as his creditors are concerned. This cannot be as the bond is written; it is to the borough, to insure it against liability where it might be charged, not to the contractor's creditors. The language of the bond with which we are concerned was inserted for the protection of the municipality alone and it has suffered no loss.

We do not pass upon the question whether in final settlement the borough may retain from the surety company such costs and expenses as it shall have been put to in defending the suits brought against it by the creditors of McCarthy, as this matter is not before us. Appellee's able advocate who presented the case at our bar said no question would be raised on this score when final adjustment is made.

The judgment is affirmed.