Portland Sand & Gravel Co. et al. *v.* Globe
Indemnity Co., Appellant.

Argued May 26, 1930. Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

*Asher Seip,* for appellant, cited: Greene Co. v. Surety
Co., 292 Pa. 304; Robertson Co. v. Indemnity Co., 77
Pa. Superior Ct. 422.

*T. McK. Chidsey,* of *Chidsey, Maxwell & Frack,* for appellees, cited: Robertson v. Indemnity Co., 77 Pa. Superior Ct. 422; Phila. v. Stewart, 195 Pa. 309; Phila. v. Neill, 211 Pa. 353; Phila. v. Nichols, 214 Pa. 265; Bowditch v. Gourley, 24 Pa. Superior Ct. 342.

OPINION BY MR. JUSTICE SADLER, June 21, 1930:

These appeals are based on three judgments entered on cases stated in which the facts, except as to the kind of materials furnished by plaintiffs and the extent of liability, are the same, and the decision in one controls the finding as to the others. All may therefore be considered in a single opinion, since the only difference is in the amount recoverable, if any. From the agreed facts, it appeared that the Globe Indemnity Company was surety on a bond given by the Juniata Company as principal in connection with the construction of certain highways in Northampton County. The contract for the building was dated April 29, 1927, and provided for the giving of security, to ensure a proper compliance with its terms, equal to 50% of the total consideration payable. The obligation, signed by the contractor as principal, and the Globe Indemnity Company as surety, set forth that they "are held and firmly bound unto the Commonwealth of Pennsylvania for the use of the County of Northampton and any other corporation or person interested," and was conditioned to "save harmless the County of Northampton from any expense incurred through the failure of the said contractor to complete the work as specified or for any damages growing out of the carelessness of said contractor, or his, their or its servants; and [to] well and truly pay for all material furnished or labor performed in and about the construction of said highway."

There is added the further provision, important to the determination of this case, which reads as follows: "The principal and surety further jointly and severally agree with the obligee herein that in case of failure on the part

of either to carry out the terms and provisions of this contract and bond, that any person, firm or corporation who has furnished labor and materials, used in and about the construction of said highway, and payment for which has not been made, shall have the right to intervene and be made a party in the action instituted by the county, the obligee on this bond, and to have their rights and claims adjudicated in such action and judgment rendered thereon, *subject, however, to the priority of the claim and judgment of the said county,* and further agree that if no suit should be brought by the county within six months from the completion of said contract and final settlement thereon, then the person or persons supplying the contractor with labor and materials shall have the right to institute suit hereon, and that the procedure to collect on this bond shall follow the provisions of the Act of May 31, 1911, P. L. 468, and its supplements and amendments thereto, except that where the words 'Commonwealth of Pennsylvania' appear in said acts the county, which is the obligee herein, shall be substituted."

All of the plaintiffs furnished material to the Juniata Company, the principal, with knowledge of the terms of the bond referred to, but the sums which became due were not paid though demand for the satisfaction of their claims was made. It was set forth in the case stated that the only defense is that averred in paragraph 7, the parties stipulating that no question should be raised or considered as to compliance with the procedure prescribed in the bond. The section referred to reads as follows: "That the said Globe Indemnity Company has wholly refused payment alleging that the said bond was not given in accordance with the requirement of any statute or ordinance, and that no materialman may sue on such bond in accordance with the provisions of any existing statute or ordinance, and that in the requiring of said bond the County of Northampton was not acting in pursuance of any statute or ordinance and

no right of action was thereby secured to any material-man." The defenses set up are therefore limited to the claim that the use-plaintiffs are mere third party bene-ficiaries, making impossible a recovery by them, and the County of Northampton acted beyond the scope of its powers in accepting a bond for other than the faithful performance of the contract to build according to speci-fications. It is therefore insisted that the clause in-cluded, protecting those furnishing labor and material, is unenforceable.

In a carefully-considered opinion by Mr. Justice KEP-HART (Greene Co. v. Southern Surety Co., 292 Pa. 304), it was held that an unpaid creditor, who had furnished supplies used in the building of the county highway, not a party to the contract, could not recover in the action brought. In that case the suit was against the surety on a bond, given to the county to secure the performance of a contract to build a highway under the provisions of the Act of May 11, 1911, P. L. 244, which provided, by separate clauses, not only for the protection of the county but also materialmen. The obligation was not, however, written as here for the use "of any other corpo-ration or person interested," and had no such stipula-tion permitting third parties to bring suit, as appears in the instant case. It was held that such an instrument was made solely for the benefit of the county, and that if actions by materialmen for their claims were allowed, "the bond may be exhausted, leaving the municipality without security for an uncompleted job." Following the line of authorities cited by appellant in the present case, it was then determined that the right to recover was limited to the obligee from whom the consideration moved, and that the third party, a stranger to the con-tract, had no right of action thereon.

But it was declared, on page 317, that, "in contracts for the performance of public work, the State, or its subdivisions, may, as a matter of public policy, by stat-ute or ordinance, require bonds to protect those furnish-

ing labor and material to such work: Phila. v. Stewart, 195 Pa. 309. [And] where a bond is given for public work in pursuance of a statute or ordinance for the protection of laborers and materialmen, those who come within the protected class may sue the surety on the bond." As the obligation then in question was given under the provisions of the Act of May 11, 1911, P. L. 244, to the county alone, and for its benefit and protection, without expressly giving to the materialmen the right to sue, a recovery for this reason was denied. A broader provision appears in the State Highway Act of May 31, 1911, P. L. 468, amended by the Act of May 16, 1921, P. L. 650, and, in such case, it is expressly directed that the security be given not only for indemnification to the Commonwealth but for the payment of materials furnished, and recoveries on such bonds have been sustained: Robertson Co. v. Globe Indemnity Co., 268 Pa. 309; Greene Co. v. Southern Surety Co., supra.

In the Greene County Case, referred to, the rule laid down in Robertson Co. v. Globe Indemnity Co., 77 Pa. Superior Ct. 422, was approved. There, the county contracted to build a highway, as here, under the authority of the Act of May 11, 1911, supra. The bond was drawn in favor of the Commonwealth of Pennsylvania for the use of the County of Washington, and any other corporation or person interested, the exact words appearing in the contract upon which suit is now brought, and the right of materialmen to take advantage of the security was questioned. It was held that, by the terms of the instrument, the right to sue was not limited to the county obligee, but its protection extended to third parties furnishing supplies, and a recovery could therefore be had by them. The court followed the principle which had been applied in the case of cities, where a separate bond to protect materialmen was required, and in which cases it had been determined such action was not ultra vires or contrary to public policy, and recovery could be sustained for the use of third parties. The court there

said, in part (page 426) : "The same reasons which authorize such action by a city are sufficient to justify a similar course by a county, where the legislature has not prescribed otherwise; and the county may protect the corporations and persons furnishing labor and material to its work either by requiring a separate bond,......or by making them the use parties to its own bond and sharing with them its protection and benefit, as was done here."

It is true that if a statute grants to a municipality a limited right to exact a bond to protect materialmen covering only certain kinds of construction, as it does by the Acts of May 10, 1917, P. L. 158, and May 6, 1925, P. L. 546, an obligation accepted for another purpose, though purporting to protect materialmen, will not have this effect when a different kind of work is undertaken, and the insertion of such a condition will not justify a suit by an unpaid third party who has furnished supplies, unless some estoppel to defend appears: Patterson v. New Eagle Boro., 294 Pa. 401; Pittsburgh v. Bucanelly Construction Co., 300 Pa. 27. But there is nothing in the Act of May 11, 1911, supra, regulating the building of county roads, which limits the power to insert such clause, and if a bond be given by a surety, with such provision included, as was done here, a recovery may be had.

It will be noticed that the bond in question was given for the use of the county, and any other corporation or person interested, and in terms stipulated to protect claims for labor and material furnished by third parties, permitting the institution of actions to collect by them as in the State Highway Act of May 31, 1911, supra, under which legislation express authority is granted to provide for the payment to the materialmen by the surety, as we have already noticed. We find no language in the Act of May 11, 1911, supra, showing a legislative intention to limit the right of recovery, as appeared in Com. v. Empire State Surety Co., 50 Pa.

Superior Ct. 404, where the obligation was given pursuant to the Act of May 1, 1905, P. L. 318, by which the extent of the liability was fixed. It will further be observed that the county was fully protected as to any claim that it might have, being given priority to any judgment which might be rendered on behalf of the materialmen, thus obviating a suggested objection to the recovery by a third party, commented upon in the Greene County Case, supra.

The materialmen furnished supplies on the basis of the bond expressly providing for their protection as well as that of the county. Mr. Justice SIMPSON said, in Merion Twp. School Dist. v. Evans, 295 Pa. 280, 283: "There is no limitation in the bond or statute regarding the right to recover, except that the suit must be for 'labor and materials entering into' the building. Both prescribe the 'payment of *all* [such] labor and materials.'...... If it be contended that the language last quoted does not appear in the statute, still appellants would be liable because of its use in the bond. On each of these points the question is no longer an open one. In Bowditch v. Gourley, 24 Pa. Superior Ct. 342, both points arose on precisely similar language in the bond there in suit, which was broader than that in the ordinance requiring it...... In that case an application was made to this court for an allocatur, but it was refused: 27 Pa. Superior Ct. xxxvi. Under similar circumstances, liability was held to exist in Phila. v. H. C. Nichols Co., 214 Pa. 265, and in Phila. v. Wiggins, 227 Pa. 343, and the conclusions there reached have never been doubted by this court." In the case of Bowditch v. Gourley, above cited, (page 345), the court below said in part, with approval: "Nor can the surety be relieved from liability because the condition of the bond is more comprehensive than is required by the ordinance [so long as the materialmen are made parties for their protection]. It was given voluntarily for a lawful purpose and may be enforced according to its terms, even

though it in form exceeds the requirements of the ordinance."

In the present case the surety obligated itself to make payment to the materialmen who were made parties to the contract, and expressly given the right to sue. The legislature has not prescribed in the Act of May 11, 1911, supra, that such course may not be taken, and it cannot therefore be considered ultra vires. As was said in Com. v. Empire State Surety Co., supra, (page 413), where a restriction as to the character of the bond appeared, "if it were not for the limitation of the amount of the bond and the legislative intent expressed in the present case it would be otherwise, for we would then have no difficulty in finding that it is within the power of the proper officers of the State, in entering into an agreement on behalf of the State for improvements, to insert such a stipulation in the bond even without statutory authority for so doing, where there is no [express] direction to the contrary."

The legislature, in the case of county roads, merely provided for the giving of a proper bond without limitation of the conditions to be included therein. In the present case, the materialmen were made parties to the contract, with the right to sue thereon, if unpaid, and, on the strength of the protection offered, furnished the supplies, the value of which is sought to be recovered. The defendant surety cannot now complain when held to a responsibility voluntarily assumed.

The judgment in each of the three cases is affirmed.