## Montgomery County, Appellant, *v.* Ambler-Davis Co. et al.

334

Argued November 26, 1930. Before Frazer, C. J., Walling, Simpson, Kephart, Sadler, Schaffer and Maxey, JJ.

*George Wharton Pepper,* with him *Henry M. Brownback* and *Theodore S. Paul,* for appellant.—There has been a breach of an express condition of a contract voluntarily undertaken by defendants with full consideration.

The decision in Greene Co. v. Southern Surety Co., 292 Pa. 304, has no bearing on the present case.

The county has a sufficient interest that subcontractors shall be paid to give the county a legal basis for a contract insuring it against the contingency of nonpayment: Phila. v. Stewart, 195 Pa. 309; Phila. v. Nichols, 214 Pa. 265; Bowditch v. Gourley, 24 Pa. Superior Ct. 342; Robertson Co. v. Indemnity Co., 77 Pa. Superior Ct. 422.

No statutory enactment or reason of expediency prevents the county from including the condition in question in a bond for the faithful performance of a construction contract: Robertson Co. v. Indemnity Co., 77 Pa. Superior Ct. 422; Portland Sand & Gravel Co. v. In-

demnity Co., 301 Pa. 132; Phila. v. Nichols Co., 214 Pa. 265; Bowditch v. Gourley, 24 Pa. Superior Ct. 342.

*Lewis M. Stevens,* of *Stradley, Ronon, Stevens & Denby,* for Metropolitan Casualty Insurance Co. of New York, appellee, with him *Ardemus Stewart,* for Ambler-Davis Co., appellee.—This action is a mere attempt to evade the law as announced in Greene Co. v. Surety Co., 292 Pa. 304.

Furthermore, it has sued in its own name, not for the penalty of the bond, as the law requires when suit is brought for breach of a condition of a bond: Sparks v. Garrigues, 1 Binn. 152; Longstreth v. Gray, 1 Watts 60; Kiehl v. Com., 18 W. N. C. 505.

The only obligation of appellees, under the second condition of the bond sued upon, was to protect appellant from loss or damage due to inferior work or materials, and from liability to subcontractors: Greene Co. v. Surety Co., 292 Pa. 304; Patterson v. Boro., 294 Pa. 401; McCarthy v. Boro., 299 Pa. 305.

The bond sued on is not a contract of insurance, but an ordinary indemnity bond: Phila. v. Stewart, 195 Pa. 309; Greene Co. v. Surety Co., 292 Pa. 304.

Even if the second condition of the bond sued on were a contract of insurance, it would still be a contract of indemnity merely: Prichett v. Ins. Co., 3 Yeates 458; Ins. Co. of N. A. v. Jones, 2 Binn. 547; Lycoming Ins. Co. v. Mitchell, 48 Pa. 367; Universal F. Ins. Co. v. Weiss, 106 Pa. 20.

Apart from all else, appellant cannot recover in this action damages for a possible future loss or injury in case it is unable to secure responsible contractors and faithful workers for other contracts, because such damages are prospective, speculative and problematical, not capable of ascertainment by any known standard, and not the natural result of the alleged breach of contract: McConaghy v. Pemberton, 168 Pa. 121; Parker v. Sup-

ply Co., 186 Pa. 294; Foehr v. R. R., 40 Pa. Superior Ct. 7.

Appellant has no right of action on which it can recover in the instant case: Greene Co. v. Surety Co., 292 Pa. 304; Patterson v. Boro., 294 Pa. 401; McCarthy v. Boro., 299 Pa. 305; Pritchett v. Ins. Co., 3 Yeates 458; Moving Picture Co. v. Ins. Co., 244 Pa. 358.

In order to recover on the bond as a contract of insurance, appellant must both allege and prove an actual loss: Ins. Co. of N. A. v. Jones, 2 Binn. 547, 561; Penn Plate Glass Co. v. Ins. Co., 189 Pa. 255; Wheeler v. Trust Co., 221 Pa. 276.

OPINION BY MR. JUSTICE SCHAFFER, January 5, 1931:

The County of Montgomery brought this action against Ambler-Davis Company as a principal obligor, and the Metropolitan Casualty Insurance Company as surety, on a bond executed by them to it in connection with the construction of a public highway by the company first named. The defendants filed affidavits of defense in the nature of demurrers and upon the questions of law thus raised the court below entered judgments in their favor; the county has appealed.

The bond was given in the sum of $190,992. It recites the contract between the county and the principal obligor for the building of the road. Its first condition is that the Ambler-Davis Company shall faithfully comply with the contract, which, it is admitted, it has done, and has been paid by the county in full. The second reads as follows: "It is a further condition of this bond that if the principal obligor shall and will promptly pay, or cause to be paid, to any person, partnership or corporation, all sums of money which may be due for labor performed or materials supplied and furnished in and about the performance of the work covered by the above mentioned contract, as provided by law, then this obligation to be void, otherwise to be and remain in full force and virtue."

In its statement of claim plaintiff alleges that the latter clause of the obligation is a contract of insurance whereby the defendants, for a valuable consideration, undertook and promised to pay to it a sum equal to all sums of money which thereafter might become due and remain unpaid for labor performed and materials furnished in the performance of the work covered by the contract for the construction of the highway. The statement declares that certain persons, naming them, have not been paid for their labor and materials and that there is due to them the sum of $61,798.97. It is averred that plaintiff is under no obligation, legal or equitable, to any of the persons unpaid, but that it has an insurable interest in the performance by the Ambler-Davis Company of its obligation to them "in that the provision of a fund out of which laborers and materialmen may be paid tends to insure bidding by responsible subcontractors and the better performance of their subcontracts; in that the interests of the county and the safety of the public are jeopardized by the outstanding temptation to acts of violent resentment growing out of the nonpayment of the just claims of laborers and materialmen; in that it is contrary to sound morals and good policy that the plaintiff should be compelled to accept and utilize work and material for which just payment has not been made; and in that the officers of the county are public officials who owe a duty of protection to the interests of all those the fruit of whose labor and material is enjoyed by the county. The plaintiff avers that said insurable interest is the basis of the contract of insurance embodied in the writing obligatory pleaded."

The argument made in plaintiff's behalf, both in the brief and at bar, is based on the premise that the bond in suit is not merely a contract of indemnity but is also one of insurance. It probably would be possible to join two such provisions in a single bond, the primary purpose of which, and indeed the only one in which the indemnitee is directly interested, being to have the work expedi-

tiously and satisfactorily done, but it must be admitted that such a dual purpose in the one instrument is most unusual. See Lancaster v. Frescoln, 203 Pa. 640, and kindred cases. It is true we have distinguished between individual and corporate sureties and have referred to the latter as being, "in all essential particulars" insurance companies (Young v. American Bonding Co., 228 Pa. 373, 379; Sokoloff v. Fidelity & Casualty Co., 288 Pa. 211, 215; South Phila. State Bank v. National Surety Co., 288 Pa. 300, 305), but we were not drawing the lines between contracts of insurance and contracts of indemnity. Appellant recognizes that its argument cannot rest upon the mere statement that appellees' undertaking is a contract of insurance for it is elementary that "insurance is a contract of indemnity" (32 Corpus Juris, page 975; Moving Picture Co. v. Scottish Union & Nat. Ins. Co., 244 Pa. 358) with some exceptions, however, particularly in the case of life insurance; appellant accordingly contends that the bond here is analagous to a life insurance contract and that, irrespective of any loss, it became entitled to the face amount of the bond upon the happening of the event,—the nonpayment of the laborers and materialmen. Examination and consideration of what the parties intended,—what they were about,—what necessarily was in their minds when they negotiated it, demonstrate that it is not and could not have been intended to be a contract of insurance as distinguished from indemnity, but that it is a bond of indemnity to protect the county against loss. What was in their minds was that there might arise some liability on the county to those working for and furnishing materials to the principal contractor and they were providing against loss to the county in that event. For instance, if the county had to complete the work because of the default of the principal contractor, it might be found advantageous, in the interest of economy, expedition or good workmanship, to allow a subcontractor to finish his part of the work, even though to get him to do

it the county would have to agree to pay him an amount due to him by the principal contractor at the time the county was compelled to take over the work. In the present instance as the county has not become liable to subcontractors, laborers or materialmen, it has suffered no loss and therefore has no right of recovery on the bond.

When the obligation in suit was given, August 17, 1926, the case of Greene Co. v. Southern Surety Co., 292 Pa. 304, had not been decided and there was some uncertainty as to the liability of the State and its municipal divisions for the unpaid claims of subcontractors and materialmen who aid in the construction of highways. Whether they could bring suit on bonds such as that in the instant case was a much mooted question. In the Greene County Case, after an examination of all our relevant decisions and most mature consideration, we held they could not. Nor can they do so indirectly by so ingenious a labeling of the obligation as is attempted by most versatile counsel in the case at bar. We must look through the clever argument which would make this bond something which it is not, and which the parties interested in it never intended it to be, and see it as it really is; so viewing it, we observe that it is a bond of indemnity and nothing else. In the Greene County Case, most recently followed in Davis, Trustee, v. Southern Surety Co., 302 Pa. 21, we determined that creditors of the original contractor could not recover on a bond similar to the one before us by an action brought in the name of the county to their use. It would be difficult to state a satisfying reason why the county may directly sue in its own name and recover for their ultimate benefit in the light of our previous decisions. Indeed in McCarthy v. Bridgeport Boro., 299 Pa. 305, where there was a bond somewhat similar in terms, we went a step further and determined that where the surety takes over the work of a defaulting contractor, and sues the municipality for a balance due, the latter

cannot offset unpaid claims due by the original contractor to laborers and materialmen for the reason that the municipality was not liable therefor, and because the bond of the surety ran only to the protection of the municipality which had suffered and could sustain no loss.

The judgments are affirmed.