Borough of Somerset for Use *v.* Barber et al.

Argued April 16, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*John T. Olmsted,* and with him *Uhl and Ealy,* for appellant, cited: Portland Sand and Gravel Company et al. v. Globe Indemnity Company, 301 Pa. 132.

*John M. Reed,* for appellee, cited: Greene County v. Southern Surety Company, 292 Pa. 304; School District of Reading, Pa. v. New Amsterdam Casualty Company, 98 Pa. Superior Ct. 221.

OPINION BY CUNNINGHAM, J., July 8, 1931:

The action below was assumpsit for the use of a material-man to recover on a bond given the Borough of Somerset by a contractor and his surety.

Barber, one of the defendants, entered into a contract with the borough to do certain street paving and in compliance with the contract furnished a bond upon which the other defendant, Aetna Casualty and Surety Company, was surety. The condition of the bond is as follows:

"Now, therefore, The condition of this obligation is such that if the above bounden principal as contractor shall in all respects comply with the terms of the contract and conditions of said contract, and his, their or its obligations thereunder including the specifications therein referred to and made part thereof and such alterations as may be made in said specifications as therein provided for, and shall well and truly complete the work contracted for, and shall save harmless the borough from any expense incurred through the failure of said contractor to complete the work as specified, or for any damages growing out of the

carelessness of said contractor or his, their, or its servants, or for any liability for payment of wages due or material furnished said contractor, and from the penal sum of the bond unclaimed by the borough shall well and truly pay all and every person furnishing material or performing labor in and about the construction of said roadway, all and every sum or sums of money due him, them or any of them, for such labor and materials for which the contractor is liable; then this obligation to be void or otherwise to be and remain in full force and virtue.''

The North American Cement Corporation, as use plaintiff, filed its statement of claim against the contractor and his surety, averring that it furnished to the contractor cement used in the work, for which the latter failed to make payment, and sought a recovery upon the bond for the amount so unpaid. The court below sustained the surety's affidavit of defense in the nature of a demurrer, holding that the statement of claim did not set forth a cause of action, and entered judgment in favor of the surety. From that judgment we now have this appeal by the use plaintiff.

This action is one of many that have been brought by laborers or material-men upon similar contractors' bonds required in the performance of municipal work. It involves the principle laid down in Greene County v. Southern Surety Company, 292 Pa. 304, that a third person cannot recover on a bond in which he is not named as an obligee, in the absence of a statute or ordinance authorizing such recovery. That is the settled law in this state and can no longer be questioned. It is applicable here, since the Borough of Somerset is the only obligee named in the bond, and no right to sue thereon is given either to a material-man or to anyone of his general class.

Counsel for appellant, however, have presented an exhaustive and ingenious argument in which they seek

to avoid the effect of the rule by endeavoring to find statutory authority to sue in the General Borough Act of May 4, 1927, P. L. 519. Clause LIII of Section 1202 (P. L. 579) of Article XII, relating to specific corporate powers, provides that in making contracts:

"The successful bidder, when advertising is required herein, shall be required to furnish a bond, with sufficient surety, in the amount of fifty per centum of the amount of the contract, within ten days after the contract has been awarded, and, upon failure to furnish such bond within such time, the previous award shall be void."

Clause LIV provides that the corporate officers shall have power:

"To require, and it shall be their duty so to do, in the improvement of lands or in the erection, alteration, addition or repair of edifices and public buildings of any kind in the borough, of the contractor or contractors employed in or about said improvements, an additional bond, with sufficient surety or sureties, providing for the payment of all labor and material entering into the said improvements. Labor and materialmen, furnishing labor and material in and for said improvements upon the contract of such contractor, shall have the right, according to law, to sue in an action of assumpsit in the name of the obligee for his or their use upon said bond, upon proof of said contractor's failure to pay for said labor or material."

It is appellant's theory that the latter clause gives it the right to sue upon the bond here in question; that the paving of streets is covered by the phrase "improvement of lands;" and that the wording of the bond shows that it is not solely for the protection of the borough.

At the outset, appellant is confronted with the decisions under the earlier Act of May 10, 1917, P. L. 158, as amended by the Act of May 6, 1925, P. L. 546.

Clause LIV re-enacts the provisions of these earlier statutes in their identical words and, unless some compelling reason to the contrary appears, it is our duty to adhere to the construction placed upon that language by the Supreme Court.

In Greene County v. Southern Surety Company, supra, it was held that the Act of 1917 was applicable only to contracts involving the erection or repair of public buildings and had no application to a contract for the construction of a highway; and in Patterson v. New Eagle Borough, 294 Pa. 401, it was held that the act did not apply to contracts for the construction of sewers. Appellant argues, however, that the Act of 1917 is limited by its title, which made no reference to "improvement of lands," whereas the title of the Borough Code is general in its terms and, by this suggested distinction, attempts to enlarge the scope of the latter act to include street paving.

We think this contention is not sound. The phrase "improvement of lands" clearly has no reference to the construction or repair of streets; it is obviously meant to apply only to work incidental to the erection of public buildings. However, we are not required to speculate about the matter; the legislature has plainly shown its original intention by its recent enactment of March 28, 1929, P. L. 106, amending the Acts of 1917 and 1925 by specifically including "roads" and "bridges" therein; the insertion of these words by amendment indicates that they were not previously intended to·be included under the phrase "improvement of lands." But, even if we could consider the work done in this instance as an "improvement of land," appellant is still confronted by an insurmountable difficulty. The bond under which it seeks recovery is not, in fact, "an additional bond;" it is the bond required under Clause LIII of the Code and was given for the protection of the borough in the amount of

fifty per cent of the contract price. It is clearly not the "additional bond" Clause LIV directs the corporate officers to take in specified cases for the protection of persons furnishing labor and materials. Hence, even assuming that the borough authorities were in duty bound to require an additional bond, they have not done so, and, even if the duty were imposed on them, its imposition would not create a right of action. This is definitely ruled in our recent case of School District of Reading to Use v. New Amsterdam Casualty Company, 98 Pa. Superior Ct. 221, in which the work done came expressly within the terms of a similar requirement for an additional bond.

We therefore return to the original proposition that appellant is not a party to the obligation and hence has no right to sue thereon. In those instances in which such a suit has been sustained, the bond was expressly given for the use of the municipality and "any other corporation or person interested": Robertson Company v. Globe Indemnity Company, 77 Pa. Superior Ct. 422; Portland Sand and Gravel Company et al. v. Globe Indemnity Company, 301 Pa. 132. The fact that in the present bond the rights of laborers and material-men are made subordinate to those of the borough is of importance only if the former have a right to sue on the bond; it does not, of itself, make them parties to the obligation. These principles have been so fully discussed in recent cases that any further elaboration will serve no useful purpose. None of the assignments can be sustained.

Judgment affirmed.