City of Pgh. to Use, Appellant, *v.* Commercial Casualty Ins. Co.

Argued April 21, 1932.

Before Trexler, P. J., Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*W. Walter Braham,* and with him *William D. Cobau, J. Glenn Berry, Aiken and Braham* and *Robert E. Mc-Creary,* for appellant.—A materialman has the right to sue on an additional bond in which the municipality is sole obligee even though no statute or ordinance create such a right:  Portland Sand & Gravel Company v. Globe Indemnity Company, 301 Pa. 132.

*J. M. McCandless,* for appellee, cited: Patterson v. New Eagle Borough, 294 Pa. 401; McCarthy to use v. Bridgeport Borough, 299 Pa. 305.

Opinion by Cunningham, J., July 14, 1932:
This action was brought by the use-plaintiff, a ce-

ment company, on a surety bond executed by the defendant insurance company, in connection with the construction of a sewage system in the City of Pittsburgh, to recover the price of cement supplied to, and used in the work by, Southern Construction and Supply Company, the contractor with the city. Defendant filed an affidavit of defense in lieu of a demurrer, averring that the use-plaintiff had no right of action on the bond, and was sustained in this contention by the court below; hence this appeal by the cement company.

The following facts appear from the statement of claim: The City of Pittsburgh entered into a contract with the construction company on January 8, 1929, for the construction of certain sewers. That company as principal, and the defendant as surety, not only gave the city the usual bond to secure the faithful performance of the work, but also executed, on that date, an additional bond, which is the one now in suit. The City of Pittsburgh is the sole obligee in the bond; the instrument recites the execution of the contract and the Act of May 10, 1917, P. L. 158, as amended by the Act of May 6, 1925, P. L. 546, requiring that cities, among other municipalities, "in the improvement of lands," or in the erection, etc., of "edifices or public buildings" take out an additional bond providing for the payment of all labor and material entering into such work. It contains this condition: "That if the said Southern Construction and Supply Corporation shall and will promptly pay, or cause to be paid, to any person or persons, co-partnership, or co-partnerships, corporation or corporations, all sums of money which may be due for labor performed or materials supplied and furnished in and about the performance of the work covered by the said contract, then this obligation to be null and void; otherwise to be and remain in full force and virtue." The use-plaintiff furnished cement to the construction company during

the month of September, 1929, but, by reason of the bankruptcy of the latter, has not been paid in full.

The contention of the use-plaintiff, in brief, is that the bond was expressly given, in consideration of a special premium, for the purpose of securing payment of claims for labor and materials going into the job, and that it should, therefore, be entitled to sue thereon as one of the parties for whose benefit it was given, particularly as the city is amply protected by a performance bond. Unfortunately for the use-plaintiff, this contention has been squarely answered in the negative by the case of Patterson v. New Eagle Borough, 294 Pa. 401, a decision rendered upon almost identical facts. There, too, the work involved the construction of a sewer and the bond under consideration was, as the paper books disclose, an additional bond running solely to the borough, reciting the Acts of 1917 and 1925, and containing an identical condition. It was there held, (pages 404-405) : ''Since laborers and materialmen were not parties to either the contract or the bond, and since neither the Act of 1917 nor its amendment of 1925, nor any other legislation or municipal ordinance required that a bond for the protection of laborers and materialmen should accompany sewer contracts, albeit the present bond recited these acts, the obligation of the instrument could not be enforced by anyone other than the obligee named therein,—tne Borough of New Eagle,—and then only for its own use.''

This decision was reaffirmed in Pittsburgh, to Use v. Bucanelly Construction Company et al., 300 Pa. 27, involving work done in connection with the construction of a reservoir. These cases are in accord with the line of cases following Greene County for Use v. Southern Surety Company, 292 Pa. 304, the latest of which is Borough of Somerset for Use v. Barber et al., 103 Pa. Superior Ct. 20.

Appellant has made an ingenious attempt to show that the decisions in Patterson v. New Eagle Borough and Pittsburgh v. Bucanelly Construction Company have, in fact, been overruled by later cases, referring in particular to Portland Sand & Gravel Company et al. v. Globe Indemnity Company, 301 Pa. 132. In the latter case, however, while it is true that the bond was not authorized by any specific act of assembly, it was given to the "Commonwealth of Pennsylvania for the use of the County of Northampton and any other corporation or person interested," and laborers and materialmen were given the right to sue upon the bond, subject, of course, to the superior rights of the county. The decision is placed squarely upon the ground that sub-contractors were made parties to the bond and expressly given the right to sue. Appellant is correct in stating that such a bond need not necessarily be authorized by statute, but if a right of action is not so given, the sub-contractors must be able to find their right to sue in the language of the instrument itself. As was said in Borough of Somerset v. Barber, supra: "We therefore return to the original proposition that appellant is not a party to the obligation and hence has no right to sue thereon. In those instances in which such a suit has been sustained, the bond was expressly given for the use of the municipality and 'any other corporation or person interested,' " citing the Portland case and also Robertson Company v. Globe Indemnity Company, 77 Pa. Superior Ct. 422.

In Merion Township School District to Use v. Evans, 295 Pa. 280, where recovery was allowed upon the additional bond, the bond came squarely under the Acts of 1917 and 1925 as it was given in connection with the erection of a schoolhouse and thus came within the legislative provision relative to "public buildings." There, the omission to make sub-contractors parties to the bond was supplied by the express statutory grant

of a right of action. A similar situation existed in the bond considered in School District of the Borough of Eddystone et al. v. Lewis et al., 98 Pa. Superior Ct. 227. But, as above indicated, the Acts of 1917 and 1925 do not cover the construction of "sewers."

Nor is defendant estopped to deny liability on the bond because of its reference to these acts or the acceptance of a special premium. An estoppel does not create a cause of action, and plaintiff must first show that it has a right to bring this suit. Here, this right exists only in the city to its own use, and the municipality has sustained no loss.

It is unfortunate for this cement company that, under the state of our legislation at the time this bond was executed, a surety company, although paid its price for taking the risk, may successfully repudiate its undertaking and evade its liability upon a pure technicality. Happily, that situation no longer exists; under the legislation enacted at the last regular session, and particularly the Act of June 23, 1931, P. L. 1181, it will no longer be possible for surety companies to lull laborers and materialmen into a false sense of security. We cannot supply for the purposes of this case the defects in the legislation, and, as the responsible officers of the defendant surety company have indicated an unwillingness to conform to generally accepted standards of business integrity by meeting their solemn obligations, we see no way to prevent what seems to us to be a grave injustice to the use-plaintiff.

Judgment affirmed.