MERCHANTS UNION TRUST COMPANY, Successor to THE UNION TRUST COMPANY, a corporation incorporated under the laws of the Commonwealth of Pennsylvania, Trustee named in a certain Indenture of Mortgage, dated the tenth day of June, A. D. 1905, executed by NEW PHILADELPHIA GRAPHITE COMPANY, a corporation of the State of New Jersey, and HIRAM C. HIMES, CHARLES L. REID, and EDMUND B. SEYMOUR, Trustees for the bondholders of New Philadelphia Graphite Company under Deed of Trust, dated the twelfth day of December, A. D. 1910.
Complainant below, Appellant,

*vs.*

NEW PHILADELPHIA GRAPHITE COMPANY, a defunct corporation of the State of New Jersey, KEYSTONE GRAPHITE COMPANY, a corporation of the State of Delaware, SARAH CORBIT CURTIS, Executrix under the last will and testament of Frederick William Curtis, deceased, FREDERICK D. CHESTER and CHESTER GRAPHITE COMPANY, a corporation of the State of Pennsylvania,
Defendants below, Respondent.

*Supreme Court, on appeal, June T., 1914.*

APPEAL FROM THE COURT OF CHANCERY. The Chief Justice, sitting as Chancellor, owing to the disqualification of the Chancellor to hear and determine this cause in the Court of Chancery, sustained a demurrer filed to the bill of complaint, *ante p.* 18, and application was made for leave to file an amended bill. This application was opposed by the solicitor for the defendants below, and after argument the application was denied, *ante p.* 155. Thereupon a decree was entered dismissing the bill and an appeal was allowed.

The case was argued before Boyce, Conrad and Rice, J. J.

*John F. Neary,* and with him *Edmund B. Seymour,* of Philadelphia, Pa., for the appellants.

*Horace Greely Eastburn,* for the respondents.

Rice, J. (delivering the opinion of the court). An appeal taken by the complainants below from the decree of the Chief Justice acting as Chancellor. The appellants claim that the court below erred in sustaining the demurrer to the original bill filed, and in not permitting the complainants to file an amended bill, and in entering a decree dismissing the bill filed. Full statements of the case and the claims and contentions of the respective parties were made by the Chief Justice in his opinions and we will now not attempt a restatement. After carefully considering the first assignment of error, we are of the opinion, as found by the court below, that there was no privity of contract or estate shown to exist between the complainants and the respondents, for the reason that the complainant Trust Company had no title to the land, and held no estate under it until it had taken title by sale and entry. In *McIntyre v. Velte*, 153 *Pa. St.* 350, 25 *Atl.* 739, it was held that a "mortgage is but a security for the payment of money with a right of lien upon the mortgaged premises to enforce payment. It is not stamped with the character of real estate, but is a bare incumbrance or charge." The court very properly held that the complainants have not, in and by their bill of complaint, made or stated such a case as entitles them or any of them, in a court of equity, to the discovery, payment or relief prayed for. There was, therefore, no error in sustaining the demurrer. With respect to the second and third assignments of error, we are of the opinion, after a careful examination of the proposed amended bill that it does not show such privity of contract or estate between the parties as will sustain the complainants' suit. Such privity is a matter of substance and vital to the claim of the complainants. The application to amend the original bill under the circumstances was properly refused. The court did not, therefore, err in denying leave to file the proposed amendment, or in dismissing the bill. The decree of the court below is affirmed upon the opinions announced by the Chief Justice.