WILMINGTON HOUSING AUTHORITY, for the use of Joseph R. Simeone, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

568

(*March* 6, 1945.)

LAYTON, C. J., sitting.

*Killoran* and *Van Brunt* for the plaintiff.

*Morris Cohen* (of Cohen and Cohen) for the defendant.

Superior Court for New Castle County, ▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉ January Term, 1945.

LAYTON, Chief Justice:

Wilmington Housing Authority is a Public Authority established under the provisions of the State Housing Law, *Ch.* 160, *Rev. Code* 1935, the broad design of which was to correct unsanitary housing conditions which menace the public welfare. Property of an Authority is public property, and its real property is declared exempt from the operation of judicial process. *Ch.* 241, *Vol.* 43, *Del. Laws.* The building projects of an Authority are properly classifiable as public improvements.

3119, *Sec.* 19 of the *Code* provides that before a contract for any public improvement shall be awarded, the price of which amounts to $500.00 or more, a bond shall be furnished with corporate surety conditioned that the contractor shall pay to every person furnishing material or performing labor in and about the public improvement all money due him for such labor and materials for which the contractor is liable; and such person is authorized to maintain an action on the bond for his use in the name of the State or the political sub-division authorizing the contract for the recovery of the amount found to be due him from the contractor.

The defendant became surety on a bond given by a contractor to the plaintiff in pursuance of a contract for the construction of a housing project in the City of Wilmington, the obligation to be void if the contractor should pay all sums

of money due to persons furnishing material or performing labor in and about the prosecution of the work provided for in the contract.

Simeone, the use plaintiff, performed labor for and supplied materials to a sub-contractor and not having been paid the amount due him, sued the surety on the bond.

The defendant demurred on three grounds: that it was not alleged that the materials furnished were incorporated or were intended to be incorporated in the construction work; that the plaintiff was not within the terms of the bond; and that the plaintiff had no right to maintain the action, he not being a party to the bond.

The first ground for demurrer is found insufficient. The bill of particulars shows an account for "Dirt furnished and hauled to Buttonwood and B Streets." While the declaration does not allege the purpose for which the earth was to be used, it was alleged that it was furnished in and about the prosecution of the work provided for in the contract. Having regard for the nature of the material, it appears with sufficient certainty that it was consumed in performance of the contract. The material need not become or have been designed to become a component part of the physical structure. *Warner Co. v. Schoonover et al.*, 20 *Del. Ch.* 165, 174 A. 449.

The condition of the bond, in form of expression, is not limited in its operation to claims for labor and materials for which the contractor is liable, as in the Delaware statute, but it is broad and general and comprehensive of all claims of persons supplying labor or materials in and about the prosecution of the work provided for in the contract. The language of the condition is in apparent conformity with the Federal Act of August 13, 1894, 28 *Stat.* 278, 40 *U. S. C. A.*, § 270, which has been held to embrace the claim of a materialman for materials supplied to a sub-contractor.

*United States to Use of Hill, v. American Surety Co.*, 200 U. S. 197, 26 S. Ct. 168, 50 L. Ed. 437; *Mankin v. United States*, 215 U. S. 533, 30 S. Ct. 174, 54 L. Ed. 315. See 43 *Am. Jur.* 894; 70 *A. L. R.* 312. There is no reason to think that persons supplying labor or materials to a sub-contractor were not within the contemplation of the parties as beneficiaries of their undertaking. The second ground for demurrer is also found to be insufficient.

The third ground involves the much disputed question of the right of a third person to maintain an action at law on a sealed instrument impliedly made for his benefit, but to which he is not a party; and, precisely, the right of one supplying labor or materials to a sub-contractor to sue the surety on an extra statutory bond given by the principal contractor in pursuance of a contract for a public improvement.

In *Bryant, Griffith & Brunson v. General Newspapers, Inc.*, 6 *W. W. Harr.* (36 *Del.*) 468, 178 A. 645, in which a sealed instrument was not involved, the decisions in this State were reviewed, and it was said that the rule of the common law was that a stranger to the consideration could not recover on a promise made for his benefit, and while the Supreme Court had not spoken, every pronouncement of our Courts, both at law and in equity, was in accord with, or suggestive of agreement with the common law rule, so that this State was rightly classified by Professor Williston and by Corpus Juris (1 *Williston, Contr.* 716, *Rev. Ed.* 1104) ; 13 *C. J.* 703, note; 17 *C. J. S., Contracts*, § 519. In support of the statement a number of decisions were cited, all concerned with sealed instruments, inter alia, *Townsend v. Townsend*, 5 *Harr.* 127; *Merchants' Union Trust Co. v. New Philadelphia Graphite Co.*, 10 *Del. Ch.* 18, 83 A. 520; *Jones v. Buck*, 4 *Boyce* 546, 90 A. 86; and *Board of Public Education vs. Aetna Casualty & Surety Co.*, 4 *W. W. Harr* (34 *Del.*) 355, 152 A. 600. Error is confessed in the statement that the

Supreme Court had not spoken. Investigation shows that *Merchants' Union Trust Co. v. New Philadelphia Graphite Co.* was affirmed on appeal, as will hereafter appear. The references to the case in text books, encyclopaedias, annotations, and in our own decisions, curiously enough, are to the decision of the Court below. *Williston, Contr., supra; Corpus Juris, supra; L. R. A.* 1916D, 614; 48 *A. L. R.* 1157, 1164; 81 *A. L. R.* 1280, 1289; *The Garford Motor Truck Co. v. Buckson,* 4 *W. W. Harr.* (34 *Del.*) 103, 143 A. 410. In *Board of Public Education v. Aetna Casualty & Surety Co., supra,* the reference is to the decision of the Court below refusing leave to file an amended bill of complaint.

An erroneous statement in the syllabus to the Bryant case which was not prepared by the Court has caused some confusion. See 12 *Am. Jur.* 826; *Moscon v. North American Benefit Association,* 9 *W. W. Harr.* (39 *Del.*) 495, 2 A 2d 898. The Court did not hold that a third person may sue to enforce a promise made for his benefit, even though he is a stranger to the contract and to the consideration. The prevailing rule was stated together with the reasons usually advanced in condemnation of the common law rule to bring in contrast the principle obtaining in this State. The editor of Corpus Juris Secundum correctly appreciated the decision, and, perhaps, was justified in assuming that the Court intimated a preference for the prevailing rule. 17 *C. J. S., Contracts,* § 519, p. 1118, note.

In *Townsend v. Townsend, supra,* a case decided nearly one hundred years ago, the common law rule was stated with uncompromising strictness. There it was said that the right of action follows the interest, and the party who has the legal interest in a covenant must sue though the beneficial interest is in another; and if a deed be inter partes, as between A of the first part and B of the second part, C, if not expressly named as a party, cannot sue thereon, though the contract purport to have been made for his sole advan-

tage, and contain an express covenant with him to perform an act for his benefit.

In *Merchants' Union Trust Co. v. New Philadelphia Graphite Co., supra,* decided in 1912, the complainant, mortgagee for the benefit of mortgage bond holders, in possession after foreclosure, filed a bill to recover, inter alia, rent as against the lessee of the mortgagor's grantee who had covenanted to pay to the lessor an annual rent, part of which to be paid to the complainant, as mortgagee, for the benefit of the bond holders. Chief Justice Pennewill, the Chancellor having certified his disqualification, stated the general rule to be, that a plaintiff must be the person from whom the consideration of the contract actually moved, and that a stranger to the consideration cannot sue on the contract; or, as it is sometimes expressed, there must be a privity of contract between the plaintiff and defendant in order to render the defendant liable to an action by the plaintiff on the contract. And he proceeded to say that in the case before him there was shown no privity of contract, or estate between the mortgagee and the lessees, or lessor; that there was no allegation that the lessors received any property or benefit from the mortgagee in consideration of which they promised, or became liable, to pay any portion of the rent to the complainant; and that it did not appear that there was any debt or duty owed by the lessor to the complainant, or that there was any legal right in the complainant, the third party, founded on any legal obligation of the promisee, to adopt and claim the promise, (the covenant in the lease) as made for the benefit of the complainant.

It is possible, perhaps, to detect in the observations made some impatience with the rigor of the common law rule, and the decision has been commented upon as recognizing the right of the third party to recover where the contract was intended for his benefit, and where there was some obli-

gation or duty owing by the promisee to him. 81 *A. L. R.* 1280, 1289.

As has been said, the decision was affirmed on an appeal. For some reason Judge Woolley did not sit, and the affirmance was by a bare quorum upon the opinion of the Court below, without discussion of the question, or other statement, except that there was no privity of contract or estate shown to exist between the complainant and respondents. 10 *Del. Ch.* 155, 87 A. 1022; 10 *Del. Ch.* 481, 92 A. 1084.

*Jones v. Buck, supra,* decided in 1914, would seem to moderate in some degree the rigor of the common law rule laid down in *Townsend v. Townsend, supra,* without renouncing its basic principle; and an interpretative statement of Judge Woolley in his opinion is cited in 47 *A. L. R.* 5 as illustrating clearly the exceptional case in which one who did not sign a sealed instrument is, nevertheless, deemed to be a party to it by construction of law. There Jones and The Railway National Bank sued in covenant for the use of the Bank upon a memorandum of agreement by and between Jones and Buck, signed and sealed by Buck alone, by which Buck covenanted to save harmless both Jones and the Bank from any loss which either of them might sustain by reason of a loan made by the Bank to Buck through the negotiation of Jones. The defendant demurred. Judge Woolley, speaking for the Court, first observed that the general proposition of law that an action on a covenant will not lie in favor of a person not a party to it, although the covenant was made for his benefit, was not questioned by the plaintiffs; nor did they dispute the early pronouncement of our Courts on the subject, citing *Townsend v. Townsend, supra.* He then said that as a general proposition, no one can sue on a sealed instrument but a party to it, and the expressed intention of the instrument, *with respect to the question of who shall be considered the parties to it,* prevails over the implied inten-

tion springing from a covenant with a third person for his benefit; and after quoting with apparent approval from the opinion of the Court in *National Union Bank at Dover v. Segur*, 39 *N. J. L.* 173, he proceeded to say:

"While in the case of *National Union Bank v. Segur*, *supra*, the Court recognized the rule of law that in the absence of something in the instrument to give it a different effect, a description of the parties in the premises establishes the inter partes character of a contract under seal, determines who are parties with legal interests, and excludes from the enforcement of the covenants all others with mere beneficial interests, it nevertheless went a step further, under the unusual facts of that case, without, however, changing the principles of the law, and held that the court may look for a party with a legal interest in some other part of the contract than in the premises, and if it be found that elsewhere in the contract the covenantor has conferred upon a third person, who may happen to be the person beneficially interested, the *legal* right to enforce that interest in an action at law, and this legal right is conferred by clear expression and not by implication then there is really another party to the contract, who has an enforceable legal interest, and the law remains as before that only a *party* with a *legal interest* may maintain an action of covenant."

Nothing was found elsewhere in the instrument to include the Bank as a party to it by clear expression, or by anything further than the mere implication arising from the promise, and the demurrer to the declaration was sustained.

The phrase "by clear expression and not by implication" was not directly defined, but from an examination of the case under interpretation the idea is entirely clear, for the instrument sued on contained a covenant which was declared to run with the land, and it was expressly provided that, in case of breach of the covenant by Segur, an action might be maintained thereon against him by the person or

body corporate who, at the time of the breach, should be the owner of the fee simple of the land agreed to be conveyed, and the Bank was such owner.

The decision went no further than to hold that a person beneficially interested under a covenant in a sealed instrument is in legal contemplation a party thereto where he has been given expressly the right to sue thereon to enforce his beneficial interest.

What has been said is preliminary to a consideration of *Board of Public Education v. Aetna Casualty & Surety Co., supra*, which seems to be relied on by both parties. In that case, as here, the action was in debt on a surety bond given by a contractor in pursuance of a contract for the construction of a public improvement, for the use of the plaintiff who had supplied materials to a sub-contractor, the condition of the bond being: "That the contractor shall promptly pay all lawful claims of sub-contractors, materialmen and laborers for labor performed and materials furnished in carrying forward, performing and completing the said work, we (principal and surety) agreeing and assenting that this undertaking shall be for the benefit of any materialman or laborer having a just claim as well as for the obligee herein." The defendant demurred. The Court correctly observed that where the contract is solely between a sub-contractor and the person supplying labor or materials, the principal contractor is not liable for there is no privity of contract between them; and that, if the condition of the bond had been in strict conformity with the statute, the surety would not be liable, for the statutory bond applies only to claims for which the principal contractor is liable. The Court proceeded to say that the bond before it was more comprehensive than the statutory bond, and the question was whether under the bond recovery might be had by a materialman furnishing materials to a sub-contractor who was not a party to the bond. The case of *Jones v. Buck* was correctly as-

sessed as holding that "in a sealed instrument the parties named in the premises are the only parties having a suable interest, no matter for whose benefit the instrument is made, unless other parties are expressly given that right in the remainder of the instrument.", But the Court was of opinion that there was nothing in the cited case in any way determinative of the question involved, saying, "In that case it was held as above indicated, that unless a contrary intent is apparent from the instrument itself, the instrument will be deemed inter partes and will embrace only those persons who are parties to it," whereas, "In the present case * * * both the principal and surety expressly agree that the bond 'shall be for the benefit of any materialman or laborer having a just claim;' " and overruled the demurrer.

The language of the condition of the bond very clearly evidenced the intention of the parties that the promise should enure to the benefit of those who supplied labor or materials in carrying forward the work called for by the contract, but whether the language amounted to anything more than implying the right of persons beneficially interested to enforce their interest by suit at law is, at least, doubtful.

But, whatever may be the compass of the philosophy of Judge Woolley in *Jones v. Buck,* and whether the decision just reviewed is within its just bounds, or outside its limits and contrary to the principle apparently approved by the Supreme Court in the Merchants' Union Trust Company case, it is clear that the plaintiff here is not entitled to maintain the action. The bond in suit is not a statutory bond except in the sense that the statute required a bond to be given. It must be regarded as a common law bond, enforceable as such. The plaintiff may not look to the statute for authority to maintain the action, for the authority there given is limited to the recovery of money found to be due him from the contractor; nor may he look to the bond for such

authority, for there is nothing in its language that confers on him the right to enforce his interest by suit at law except by mere implication arising from the promise made for his benefit.

The plaintiff's argument, forcefully put, is a plea to cast off the shackles of an outworn legalism, and to adopt the saner philosophy of a rule that will permit a clearly designated beneficiary to enforce his interest by action at law even though the contract is under seal, there being no satisfactory reason for a distinction between sealed and unsealed instruments in this respect. See 12 *Am. Jur.* 846; 47 *A. L. R.* 5; 81 *A. L. R.* 1306; 2 *Williston, Contr. (Rev. Ed.)* 1152. This the Court is without authority to do in view of the approval of the common law rule by the Supreme Court, and ought not to do under the reasoned decision of this Court in *Jones v. Buck, supra.* However archaic the common rule may be, the question is one for the Supreme Court or for the Legislature to resolve.

The demurrer is sustained on the ground that the plaintiff, not being a party to the bond, either in fact or by construction of law is not entitled to maintain the action.

Demurrer sustained.