STATE of Delaware to the Use of
CERTAIN–TEED PRODUCTS
CORPORATION, Plaintiff,

v.

UNITED PACIFIC INSURANCE COMPANY, a Foreign Corporation,
Defendant.

Superior Court of Delaware,
New Castle County.

Submitted March 23, 1978.

Decided June 27, 1978.

---

James P. D'Angelo and Edward T. Ciconte, of D'Angelo & Ciconte, Wilmington, for plaintiff.

Richard A. Cohen, of Prickett, Ward, Burt & Sanders, Wilmington, for defendant.

O'HARA, Judge.

■ The use-plaintiff, Certain-Teed Products Corporation ("Certain-Teed"), has filed a complaint against United Pacific Insurance Company ("United Pacific"), the surety on a performance and payment bond. In lieu of an answer, United Pacific has moved for dismissal pursuant to Superior Court Civil Rule 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted. For purposes of a motion under Rule 12(b)(6) all of the allegations in the complaint must be accepted as true. *Plant v. Catalytic Construction Company*, Del.Super., 287 A.2d 682 (1972), aff'd sub nom. *Local Union 199, Laborers' Int. U. of No. Am. v. Plant*, Del.Supr., 297 A.2d 37 (1972).

The complaint alleges that Masterkey Builders, Inc. ("Masterkey"), a general contractor, entered into a contract to perform construction services at the Delaware State College in Dover, Delaware. In accordance with the provisions of 29 Del.C. § 6909[1]

---

1. The pertinent paragraphs of § 6909 are contained in subsections (b) and (d) which provide:

"(b) The bond shall be conditioned upon the faithful compliance and performance by the successful bidder of each and every term and condition of the contract and the proposal and plans and specifications thereof, at the time and in the manner prescribed by the contract and the plans and specifications, including the payment in full, to every person furnishing material or performing labor in the performance of the contract, of all sums of money due him for such labor or material. The bond shall also contain the successful bidder's guarantee to

Masterkey and United Pacific executed and delivered a performance and payment bond in favor of the State College. The relevant terms of the bond provided:

"NOW, THEREFORE, if the Principal shall well, truly, and faithfully perform its duites [sic], all the undertakings, covenants, terms, conditions, and agreements of said contract during the original term thereof, and any extensions thereof which may be granted by the Owner, with or without notice to the Surety, and if he shall satisfy all claims and demands incurred under such contract, and shall fully indemnify and save harmless the Owner from all costs and damages which it may suffer by reason of failure to do so, and shall reimburse and repay the Owner all outlay and expenses which the Owner may incur in making good any default, and shall promptly make payment to all persons, firms, subcontractors, and corporations furnishing materials for or performing labor in the prosecution of the work provided for in such contract, and any authorized extension or modification thereof, including all amounts due for materials, lubricants, -il [sic], gasoline, coal, and coke, repairs on machinery, equipment, and tools, consumed or used in connection with the construction of such work, and all insurance premiums on said work, and for all labor, performed in such work whether by subcontractor or otherwise, then this obligation shall be void; otherwise to remain in full force and effect."

Certain-Teed, through a duly authorized agent, furnished materials to H. R. Bailey, Inc., a subcontractor of Masterkey. These materials were supplied to and used in the prosecution of the work provided for in the contract bonded by United Pacific. Cer-

tain-Teed's agent, Industrial Materials Company, has assigned to Certain-Teed all rights which it had in accounts receivable created by the sale of the materials. However, H. R. Bailey, Inc. has refused to make payment to Certain-Teed.

In support of its motion for dismissal United Pacific argues that under the language of § 6909 and the specific terms of its bond liability does not attach unless the party seeking to enforce the bond is in a direct contractual relationship with the general contractor, Masterkey. Accordingly, liability does not extend to Certain-Teed since the use-plaintiff was a materialman for a subcontractor and was not in privity with Masterkey.

■■ There are two bases for liability in this action: 1) § 6909 which requires the successful bidder on a public works contract to file a bond, and 2) the bond, itself. Any bond executed pursuant to § 6909 will be construed to provide at least the minimum coverage required by the statute. *State v. Fidelity And Deposit Company Of Maryland*, Del.Supr., 194 A.2d 858 (1963). However, the parties executing the bond may, by their own terms, provide for broader coverage than is required by § 6909. *Wilmington Housing Authority v. Fidelity & Deposit Co.*, Del.Supr., 47 A.2d 524 (1946), modifying Del.Super., 41 A.2d 826 (1945). Thus, liability may exist under a bond containing broad coverage for materialmen, where it would not exist if the bond were drawn strictly pursuant to the terms of the statute.

The initial issue is whether a party which does not contract directly with the general contractor under a public works contract, yet supplies labor or materials to a subcontractor, is entitled to protection under the

indemnify and save harmless the State and the agency from all costs, damages and expenses growing out of or by reason of the successful bidder's failure to comply and perform the work and complete the contract in accordance with the contract.

(d) Every person furnishing materials or performing labor under the contract for which the successful bidder is liable may maintain an action on the bond for his own use in the name

of the State in any court of competent jurisdiction for the recovery of such sum or sums as may be due such person from the successful bidder, but if the bond so provides, no suit shall be commenced after the expiration of 1 year following the date on which the successful bidder ceased work on the contract, otherwise suits may be commenced at any time within 3 years following the date the last work was done on the contract."

terms of § 6909(b) or (d). Under 29 Del. Laws Ch. 224, a forerunner of § 6909, it was held that a bond executed pursuant thereto did not cover laborers or materialmen dealing solely with a subcontractor. *Board of Public Education v. Aetna Casualty & Surety Co.*, Del.Super., 152 A. 600 (1930). The ruling in *Aetna Casualty* continued to be followed in Delaware despite a general trend in other jurisdictions to protect the suppliers of subcontractors. Annotation, 92 A.L.R.2d 1250.

In the intervening years since the *Aetna Casualty* decision the bonding statute has been modified somewhat. Nevertheless, United Pacific contends that the language of § 6909(b) and (d) still indicates an intent to limit the coverage required by the statute. If one compares § 6909 to the statute interpreted in *Aetna Casualty* one would have to agree with United Pacific that the statutes involved are very similar. Yet, in *State Ex Rel. Christopher v. Planet Insurance Co.*, Del.Super., 321 A.2d 128 (1974) this Court indicated that 29 Del.C. § 6910, which is the immediate predecessor of, and identical to the present § 6909, should be construed to cover laborers and materialmen contracting solely with a subcontractor; thus, breaking with the prior decisions. In discussing 29 Del.C. § 6910(d), which is identical to the present § 6909(d), the Court stated that:

> "There is no basis under the language of the subsection for confining its applicability to those who dealt directly with the general contractor."

The Court then went on to hold that § 6910(b), which is identical to the present § 6909(b), could also be construed to cover the supplier of a subcontractor.

■ Both Certain-Teed and United Pacific cited *Christopher* in support of their respective positions. United Pacific would, of course, dispute the Court's interpretation of *Christopher* on the ground that the decision incorrectly viewed § 6909 as extending the requisite bond coverage to laborers and materialmen who lacked privity under the original construction contract. However, in this instance the Court need not even address the issue of whether Certain-Teed would be protected by a bond drawn strictly according to the language of § 6909. Even if the holding in *Christopher* were considered to be somewhat overbroad, the Court has concluded that Certain-Teed is, nevertheless, entitled to protection under the express terms of United Pacific's bond.

In *Wilmington Housing Authority v. Fidelity & Deposit Co.*, supra, our Supreme Court held that a bond, the relevant terms of which are largely identical to United Pacific's, should be interpreted to cover a plaintiff who provided labor and materials to a subcontractor, even though the plaintiff lacked privity and had dealt solely with the subcontractor. Thus, the plaintiff was found to be protected by the terms of the bond, even though he may not have fallen within the precise language of the bonding statute. Given the similarity between the bonds in these two cases, Certain-Teed clearly has a cause of action against United Pacific.

■ One related argument remains for consideration. Relying on that phrase "for which the successful bidder is liable" contained in § 6909(d) United Pacific contends that, regardless of the terms of any bond, subsection (d) indicates an intent to limit standing to sue on any such bond to persons in privity under the original construction contract. For several reasons, the Court does not agree with United Pacific's conclusion. However, it is sufficient to point out that bonds may be drafted with terms more liberal than those required by the statute, and a suit may be maintained on the bond, itself, rather than the statute. *Wilmington Housing Authority v. Fidelity & Deposit Co.*, supra. It would be inconsistent to assume that § 6909 would not restrict the terms permitted in such bonds, and yet at the same time would restrict the standing to sue thereon.

For the reasons stated herein the defendant's motion to dismiss is denied.

IT IS SO ORDERED.